UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

ALFREDO CRUZ SANCHEZ, ANTONIO MIGUEL :
JIMENEZ,    DAVID     TEXIS    TECUAPACHO, :
LEONARDO CONDE RODRIGUEZ, NICOLAS :
MENDEZ AVILA, RICARDO TEPI ZENTENO, :
JORGE ANIBAL GARCIA MEJIA, MIGUEL ALEX :       Case No.: 17 Civ. 09065 (PGG)
QUIEJ LOPEZ, ISAIAS ENMANUEL GONZALEZ :
TULUXAN, and DEYVI MACARIO YAT ALVAREZ, :
individually and on behalf of others similarly situated, :       **ANSWER**

Plaintiffs, :
:
:
-against- :
:
:
RAINBOW UMBRELLA, LLC (d/b/a RAINBOW :
UMBRELLA), GREEN SUMMIT GROUP LLC (d/b/a :
RAINBOW UMBRELLA), PETER SCHATZBERG, :
and TODD MILLMAN, :
:
Defendants. :

---------------------------------------------------------------------- x

Defendants Rainbow Umbrella, LLC ("Rainbow Umbrella"), Green Summit Group LLC ("Green Summit"), and Todd Millman ("Millman") (Rainbow Umbrella, Green Summit, and Millman, collectively, the "Defendants"), by their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP[1], as and for their Answer to the First Amended Complaint of Plaintiffs[2], filed March 15, 2018, (the "Complaint"), allege as follows:

---

[1] For the avoidance of doubt, Tannenbaum Helpern Syracuse & Hirschtritt LLP represents all Defendants named in the Complaint except for Peter Schatzberg. Accordingly, this Answer sets forth the allegations of Rainbow Umbrella, Green Summit, and Millman, but not Peter Schatzberg.

[2] The Complaint defines "Plaintiffs" to include the named plaintiffs and individuals similarly situated. Since Defendants are unaware of the identities of such alleged unnamed individuals similarly situated, and deny that there exists any appropriate class or collective action, this Answer addresses and sets forth allegations only with respect to the named plaintiffs, and not those individuals purported to be similarly situated. Accordingly, for the avoidance of doubt, for purposes of this Answer, the term "Plaintiffs" shall refer only to the plaintiffs named in the Complaint.

[1069567-3]

## AS TO "NATURE OF THE ACTION"

1.      Defendants deny the allegations contained in Paragraph "1" of the Complaint, except admit that certain Plaintiffs were employed by Rainbow Umbrella or Green Summit.

2.      Defendants deny the allegations contained in Paragraph "2" of the Complaint, except admit that Rainbow Umbrella operated out of 56 Reade Street, New York, NY 10007.

3.      Plaintiffs' allegations that Individual Defendants, through Defendant Corporations, "operate or operated the delivery service as a joint or unified enterprise," contained in Paragraph "3" of the Complaint, is a conclusion of law to which no response is required. Furthermore, Defendants deny the allegations contained in Paragraph "3" of the Complaint, except admit that Peter Schatzberg and Millman had, at a certain point in time, ownership interests in Green Summit.

4.      Defendants deny the allegations contained in Paragraph "4" of the Complaint, except admit that Plaintiffs were employed as delivery workers and that certain Plaintiffs were employed by Rainbow Umbrella or Green Summit.

5.      Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6.      Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7.      Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8.      Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9.      Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10.     Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11.     Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12.     Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13.     Defendants deny the allegations contained in Paragraph "13" of the Complaint.

14.     Defendants deny the allegations contained in Paragraph "14" of the Complaint.

15.     Defendants deny the allegations contained in Paragraph "15" of the Complaint.

16.     Defendants deny the allegations contained in Paragraph "16" of the Complaint.

17.     Defendants admit that Plaintiffs purport to bring this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL") and that Plaintiffs purport to bring this action on behalf of themselves and other similarly situated individuals, but otherwise deny the allegations contained in Paragraph "17" of the Complaint.

18.     Defendants admit that Plaintiffs purport to bring this action as a "class action" and "collective action," but otherwise deny the allegations contained in Paragraph "18" of the Complaint, including, without limitation, that such "class action" or "collective action" is appropriate or proper.

## AS TO "JURISDICTION AND VENUE"

19.     With respect to the allegations contained in Paragraph "19" of the Complaint, which set forth conclusions of law, no response is required.

20.     With respect to the allegations contained in Paragraph "20" of the Complaint, which set forth conclusions of law, no response is required.

## AS TO "THE PARTIES"

21.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Cruz's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "21" of the Complaint, except admit that from approximately September 2016 until on or about November 2017 Plaintiff Cruz was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

[1069567-3]

22.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Miguel's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "22" of the Complaint, except admit that from approximately September 2017 until on or about December 2017 Plaintiff Miguel was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

23.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Texis's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "23" of the Complaint, except admit that from approximately April 2017 until on or about December 2017 Plaintiff Texis was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

24.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Conde's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "24" of the Complaint, except admit that from approximately March 2017 until on or about December 2017 Plaintiff Conde was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

25.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Mendez's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "25" of the Complaint, except admit that from approximately April 2017 until on or about December 2017 Plaintiff Mendez was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

26.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Tepi's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "26" of the Complaint, except admit that

[1069567-3]

from approximately October 2016 until on or about December 2016 Plaintiff Tepi was employed by Green Summit at 144 East 44th Street, New York, NY 10017, and from approximately January 2017 until on or about November 2017 Plaintiff Tepi was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

27.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Anibal's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "27" of the Complaint, except admit that from approximately April 2017 until on or about August 2017 Plaintiff Anibal was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

28.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Quiej's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "28" of the Complaint, except admit that from approximately March 2017 until on or about December 2017 Plaintiff Quiej was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

29.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Gonzalez's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "29" of the Complaint, except admit that from approximately January 2015 until on or about September 2016 Plaintiff Gonzalez was employed by Green Summit at 144 East 44th Street, New York, NY 10017, and from approximately September 2016 until on or about December 2017 Plaintiff Gonzalez was employed by Rainbow Umbrella at 56 Reade Street, New York, NY 10007.

30.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Yat's residence. Furthermore, Defendants

deny the remaining allegations contained in Paragraph "30" of the Complaint, except admit that from approximately December 2016 until on or about January 2017 Plaintiff Yat was employed by Green Summit at 144 East 44th Street, New York, NY 10017.

31.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to "[a]t all relevant times" contained in Paragraph "31" of the Complaint; provided, however, that Defendants admit that Rainbow Umbrella provided delivery services out of 56 Reade Street, New York, NY 10007, but otherwise deny the allegations contained in Paragraph "31" of the Complaint.

32.     Defendants admit the allegations contained in the first sentence of Paragraph "32" of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph "32" of the Complaint, except admit that Rainbow Umbrella previously maintained a principal place of business at 56 Reade Street, New York, NY 10007.

33.     Defendants admit the allegations contained in the first sentence of Paragraph "33" of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph "33" of the Complaint.

34.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph "34" of the Complaint. With respect to the allegations contained in the second sentence of Paragraph "34" of the Complaint, which consist of Plaintiffs' characterization of their own Complaint, no response is required. Defendants deny the allegations contained in the third sentence of Paragraph "34" of the Complaint, except admit that Peter Schatzberg was, for some time, the Chief Executive Officer of Green Summit. Defendants deny the allegations contained in the fourth sentence of Paragraph "34" of the Complaint.

[1069567-3]

35.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph "35" of the Complaint. With respect to the allegations contained in the second sentence of Paragraph "35" of the Complaint, which consist of Plaintiffs' characterization of their own Complaint, no response is required. Defendants deny the allegations contained in the third sentence of Paragraph "35" of the Complaint, except admit that Millman was, for some time, the Chief Operating Officer of Green Summit. Defendants deny the allegations contained in the fourth sentence of Paragraph "35" of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

36.     Defendants deny the allegations contained in Paragraph "36" of the Complaint, except admit that Rainbow Umbrella and Green Summit previously operated food delivery services in New York City.

37.     Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38.     Defendants deny the allegations contained in Paragraph "38" of the Complaint.

39.     Defendants deny the allegations contained in Paragraph "39" of the Complaint.

40.     With respect to the allegations contained in Paragraph "40" of the Complaint, which set forth conclusions of law, no response is required.

41.     With respect to the allegations contained in Paragraph "41" of the Complaint, which set forth conclusions of law, no response is required.

42.     Defendants deny the allegations contained in Paragraph "42" of the Complaint.

43.     With respect to the allegations contained in the first sentence of Paragraph "43" of the Complaint, which set forth conclusions of law, no response is required. Defendants deny the allegations contained in the second sentence of Paragraph "43" of the Complaint, except

admit that some Defendants may have had the power to hire and fire some of the Plaintiffs, and some Defendants may have determined the rate and method of compensation with respect to some of the Plaintiffs.

44.     Defendants deny the allegations contained in Paragraph "44" of the Complaint, except admit that in each year from 2015 to 2017, Defendants jointly had a gross annual volume of sales of not less than $500,000.

45.     With respect to the allegations contained in the first sentence of Paragraph "45" of the Complaint, which set forth conclusions of law, no response is required. Defendants deny the allegations contained in the second sentence of Paragraph "45" of the Complaint, except admit that some of the goods used by Rainbow Umbrella and Green Summit were produced outside of the State of New York.

46.     Defendants deny the allegations contained in Paragraph "46" of the Complaint.

47.     Defendants admit that Plaintiffs purport to represent a class of similarly situated individuals under 29 U.S.C. 216(b), but otherwise deny the allegations contained in Paragraph "47" of the Complaint, including, without limitation, that any "class" is appropriate or proper.

48.     Defendants deny the allegations contained in Paragraph "48" of the Complaint, except admit that Plaintiff Cruz was employed by Rainbow Umbrella from approximately September 2016 until on or about November 2017.

49.     Defendants admit that Plaintiff Cruz was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "49" of the Complaint.

50.     Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51.     Defendants deny the allegations contained in Paragraph "51" of the Complaint.

[1069567-3]

52.     With respect to the allegations contained in Paragraph "52" of the Complaint, which set forth conclusions of law, no response is required.

53.     With respect to the allegations contained in Paragraph "53" of the Complaint, which set forth conclusions of law, no response is required.

54.     Defendants deny the allegations contained in Paragraph "54" of the Complaint.

55.     Defendants admit the allegations contained in Paragraph "55" of the Complaint.

56.     Defendants deny the allegations contained in Paragraph "56" of the Complaint.

57.     Defendants deny the allegations contained in Paragraph "57" of the Complaint.

58.     Defendants deny the allegations contained in Paragraph "58" of the Complaint.

59.     Defendants deny the allegations contained in Paragraph "59" of the Complaint.

60.     Defendants deny the allegations contained in Paragraph "60" of the Complaint.

61.     Defendants deny the allegations contained in Paragraph "61" of the Complaint.

62.     Defendants deny the allegations contained in Paragraph "62" of the Complaint.

63.     Defendants deny the allegations contained in Paragraph "63" of the Complaint.

64.     Defendants deny the allegations contained in Paragraph "64" of the Complaint, except admit that Plaintiff Miguel was employed by Rainbow Umbrella from approximately September 2017 until on or about December 2017.

65.     Defendants admit that Plaintiff Miguel was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "65" of the Complaint.

66.     Defendants deny the allegations contained in Paragraph "66" of the Complaint.

67.     Defendants deny the allegations contained in Paragraph "67" of the Complaint.

68.     With respect to the allegations contained in Paragraph "68" of the Complaint, which set forth conclusions of law, no response is required.

[1069567-3]

69.     With respect to the allegations contained in Paragraph "69" of the Complaint, which set forth conclusions of law, no response is required.

70.     Defendants deny the allegations contained in Paragraph "70" of the Complaint.

71.     Defendants deny the allegations contained in Paragraph "71" of the Complaint.

72.     Defendants admit the allegations contained in Paragraph "72" of the Complaint.

73.     Defendants deny the allegations contained in Paragraph "73" of the Complaint.

74.     Defendants deny the allegations contained in Paragraph "74" of the Complaint.

75.     Defendants deny the allegations contained in Paragraph "75" of the Complaint.

76.     Defendants deny the allegations contained in Paragraph "76" of the Complaint.

77.     Defendants deny the allegations contained in Paragraph "77" of the Complaint.

78.     Defendants deny the allegations contained in Paragraph "78" of the Complaint.

79.     Defendants deny the allegations contained in Paragraph "79" of the Complaint.

80.     Defendants deny the allegations contained in Paragraph "80" of the Complaint.

81.     Defendants deny the allegations contained in Paragraph "81" of the Complaint.

82.     Defendants deny the allegations contained in Paragraph "82" of the Complaint.

83.     Defendants deny the allegations contained in Paragraph "83" of the Complaint, except admit that Plaintiff Texis was employed by Rainbow Umbrella from approximately April 2017 until on or about December 2017.

84.     Defendants admit that Plaintiff Texis was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "84" of the Complaint.

85.     Defendants deny the allegations contained in Paragraph "85" of the Complaint.

86.     Defendants deny the allegations contained in Paragraph "86" of the Complaint.

[1069567-3]

87.     With respect to the allegations contained in Paragraph "87" of the Complaint, which set forth conclusions of law, no response is required.

88.     With respect to the allegations contained in Paragraph "88" of the Complaint, which set forth conclusions of law, no response is required.

89.     Defendants deny the allegations contained in Paragraph "89" of the Complaint.

90.     Defendants deny the allegations contained in Paragraph "90" of the Complaint.

91.     Defendants deny the allegations contained in Paragraph "91" of the Complaint.

92.     Defendants admit the allegations contained in Paragraph "92" of the Complaint.

93.     Defendants deny the allegations contained in Paragraph "93" of the Complaint.

94.     Defendants deny the allegations contained in Paragraph "94" of the Complaint.

95.     Defendants deny the allegations contained in Paragraph "95" of the Complaint.

96.     Defendants deny the allegations contained in Paragraph "96" of the Complaint.

97.     Defendants deny the allegations contained in Paragraph "97" of the Complaint.

98.     Defendants deny the allegations contained in Paragraph "98" of the Complaint.

99.     Defendants deny the allegations contained in Paragraph "99" of the Complaint.

100.    Defendants deny the allegations contained in Paragraph "100" of the Complaint.

101.    Defendants deny the allegations contained in Paragraph "101" of the Complaint.

102.    Defendants deny the allegations contained in Paragraph "102" of the Complaint, except admit that Plaintiff Conde was employed by Rainbow Umbrella from approximately March 2017 until on or about December 2017.

103.    Defendants admit that Plaintiff Conde was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "103" of the Complaint.

104.    Defendants deny the allegations contained in Paragraph "104" of the Complaint.

105.    Defendants deny the allegations contained in Paragraph "105" of the Complaint.

106.    With respect to the allegations contained in Paragraph "106" of the Complaint, which set forth conclusions of law, no response is required.

107.    With respect to the allegations contained in Paragraph "107" of the Complaint, which set forth conclusions of law, no response is required.

108.    Defendants deny the allegations contained in Paragraph "108" of the Complaint.

109.    Defendants admit the allegations contained in Paragraph "109" of the Complaint.

110.    Defendants deny the allegations contained in Paragraph "110" of the Complaint.

111.    Defendants deny the allegations contained in Paragraph "111" of the Complaint.

112.    Defendants deny the allegations contained in Paragraph "112" of the Complaint.

113.    Defendants deny the allegations contained in Paragraph "113" of the Complaint.

114.    Defendants deny the allegations contained in Paragraph "114" of the Complaint.

115.    Defendants deny the allegations contained in Paragraph "115" of the Complaint.

116.    Defendants deny the allegations contained in Paragraph "116" of the Complaint.

117.    Defendants deny the allegations contained in Paragraph "117" of the Complaint.

118.    Defendants deny the allegations contained in Paragraph "118" of the Complaint, except admit that Plaintiff Mendez was employed by Rainbow Umbrella from approximately April 2017 until on or about December 2017.

119.    Defendants admit that Plaintiff Mendez was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "119" of the Complaint.

120.    Defendants deny the allegations contained in Paragraph "120" of the Complaint.

121.    Defendants deny the allegations contained in Paragraph "121" of the Complaint.

[1069567-3]

122.     With respect to the allegations contained in Paragraph "122" of the Complaint, which set forth conclusions of law, no response is required.

123.     With respect to the allegations contained in Paragraph "123" of the Complaint, which set forth conclusions of law, no response is required.

124.     Defendants deny the allegations contained in Paragraph "124" of the Complaint.

125.     Defendants admit the allegations contained in Paragraph "125" of the Complaint.

126.     Defendants deny the allegations contained in Paragraph "126" of the Complaint.

127.     Defendants deny the allegations contained in Paragraph "127" of the Complaint.

128.     Defendants deny the allegations contained in Paragraph "128" of the Complaint.

129.     Defendants deny the allegations contained in Paragraph "129" of the Complaint.

130.     Defendants deny the allegations contained in Paragraph "130" of the Complaint.

131.     Defendants deny the allegations contained in Paragraph "131" of the Complaint.

132.     Defendants deny the allegations contained in Paragraph "132" of the Complaint.

133.     Defendants deny the allegations contained in Paragraph "133" of the Complaint.

134.     Defendants deny the allegations contained in Paragraph "134" of the Complaint.

135.     Defendants deny the allegations contained in Paragraph "135" of the Complaint, except admit that Plaintiff Tepi was employed by Green Summit from approximately October 2016 until on or about December 2016, and by Rainbow Umbrella from approximately January 2017 until on or about November 2017.

136.     Defendants admit that Plaintiff Tepi was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "136" of the Complaint.

137.     Defendants deny the allegations contained in Paragraph "137" of the Complaint.

138.     Defendants deny the allegations contained in Paragraph "138" of the Complaint.

-13-

139.     With respect to the allegations contained in Paragraph "139" of the Complaint, which set forth conclusions of law, no response is required.

140.     With respect to the allegations contained in Paragraph "140" of the Complaint, which set forth conclusions of law, no response is required.

141.     Defendants deny the allegations contained in Paragraph "141" of the Complaint.

142.     Defendants deny the allegations contained in Paragraph "142" of the Complaint.

143.     Defendants admit the allegations contained in Paragraph "143" of the Complaint.

144.     Defendants deny the allegations contained in Paragraph "144" of the Complaint.

145.     Defendants deny the allegations contained in Paragraph "145" of the Complaint.

146.     Defendants deny the allegations contained in Paragraph "146" of the Complaint.

147.     Defendants deny the allegations contained in Paragraph "147" of the Complaint.

148.     Defendants deny the allegations contained in Paragraph "148" of the Complaint.

149.     Defendants deny the allegations contained in Paragraph "149" of the Complaint.

150.     Defendants deny the allegations contained in Paragraph "150" of the Complaint.

151.     Defendants deny the allegations contained in Paragraph "151" of the Complaint.

152.     Defendants deny the allegations contained in Paragraph "152" of the Complaint.

153.     Defendants deny the allegations contained in Paragraph "153" of the Complaint, except admit that Plaintiff Anibal was employed by Rainbow Umbrella from approximately April 2017 until on or about August 2017.

154.     Defendants admit that Plaintiff Anibal was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "154" of the Complaint.

155.     Defendants deny the allegations contained in Paragraph "155" of the Complaint.

156.   With respect to the allegations contained in Paragraph "156" of the Complaint, which set forth conclusions of law, no response is required.

157.   With respect to the allegations contained in Paragraph "157" of the Complaint, which set forth conclusions of law, no response is required.

158.   Defendants deny the allegations contained in Paragraph "158" of the Complaint.

159.   Defendants deny the allegations contained in Paragraph "159" of the Complaint.

160.   Defendants admit the allegations contained in Paragraph "160" of the Complaint.

161.   Defendants deny the allegations contained in Paragraph "161" of the Complaint.

162.   Defendants deny the allegations contained in Paragraph "162" of the Complaint.

163.   Defendants deny the allegations contained in Paragraph "163" of the Complaint.

164.   Defendants deny the allegations contained in Paragraph "164" of the Complaint.

165.   Defendants deny the allegations contained in Paragraph "165" of the Complaint.

166.   Defendants deny the allegations contained in Paragraph "166" of the Complaint.

167.   Defendants deny the allegations contained in Paragraph "167" of the Complaint.

168.   Defendants deny the allegations contained in Paragraph "168" of the Complaint.

169.   Defendants deny the allegations contained in Paragraph "169" of the Complaint, except admit that Plaintiff Quiej was employed by Rainbow Umbrella from approximately March 2017 until on or about December 2017.

170.   Defendants admit that Plaintiff Quiej was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "170" of the Complaint.

171.   Defendants deny the allegations contained in Paragraph "171" of the Complaint.

172.   Defendants deny the allegations contained in Paragraph "172" of the Complaint.

[1069567-3]

173.    With respect to the allegations contained in Paragraph "173" of the Complaint, which set forth conclusions of law, no response is required.

174.    With respect to the allegations contained in Paragraph "174" of the Complaint, which set forth conclusions of law, no response is required.

175.    Defendants deny the allegations contained in Paragraph "175" of the Complaint.

176.    Defendants deny the allegations contained in Paragraph "176" of the Complaint.

177.    Defendants admit the allegations contained in Paragraph "177" of the Complaint.

178.    Defendants deny the allegations contained in Paragraph "178" of the Complaint.

179.    Defendants deny the allegations contained in Paragraph "179" of the Complaint.

180.    Defendants deny the allegations contained in Paragraph "180" of the Complaint.

181.    Defendants deny the allegations contained in Paragraph "181" of the Complaint.

182.    Defendants deny the allegations contained in Paragraph "182" of the Complaint.

183.    Defendants deny the allegations contained in Paragraph "183" of the Complaint.

184.    Defendants deny the allegations contained in Paragraph "184" of the Complaint.

185.    Defendants deny the allegations contained in Paragraph "185" of the Complaint.

186.    Defendants deny the allegations contained in Paragraph "186" of the Complaint, except admit that Plaintiff Gonzalez was employed by Green Summit from approximately January 2015 until on or about September 2016, and by Rainbow Umbrella from approximately September 2016 until on or about December 2017.

187.    Defendants admit that Plaintiff Gonzalez was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "187" of the Complaint.

188.    Defendants deny the allegations contained in Paragraph "188" of the Complaint.

189.    With respect to the allegations contained in Paragraph "189" of the Complaint, which set forth conclusions of law, no response is required.

190.    With respect to the allegations contained in Paragraph "190" of the Complaint, which set forth conclusions of law, no response is required.

191.    Defendants deny the allegations contained in Paragraph "191" of the Complaint.

192.    Defendants deny the allegations contained in Paragraph "192" of the Complaint.

193.    Defendants admit the allegations contained in Paragraph "193" of the Complaint.

194.    Defendants deny the allegations contained in Paragraph "194" of the Complaint.

195.    Defendants deny the allegations contained in Paragraph "195" of the Complaint.

196.    Defendants deny the allegations contained in Paragraph "196" of the Complaint.

197.    Defendants deny the allegations contained in Paragraph "197" of the Complaint.

198.    Defendants deny the allegations contained in Paragraph "198" of the Complaint.

199.    Defendants deny the allegations contained in Paragraph "199" of the Complaint.

200.    Defendants deny the allegations contained in Paragraph "200" of the Complaint.

201.    Defendants deny the allegations contained in Paragraph "201" of the Complaint.

202.    Defendants deny the allegations contained in Paragraph "202" of the Complaint.

203.    Defendants deny the allegations contained in Paragraph "203" of the Complaint.

204.    Construing this allegation to refer to Plaintiff Yat, Defendants deny the allegations contained in Paragraph "204" of the Complaint, except admit that Plaintiff Yat was employed by Green Summit from approximately December 2016 until on or about January 2017.

205.    Construing this allegation to refer to Plaintiff Yat, Defendants admit that Plaintiff Yat was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "205" of the Complaint.

206.    Defendants deny the allegations contained in Paragraph "206" of the Complaint.

207.    With respect to the allegations contained in Paragraph "207" of the Complaint, which set forth conclusions of law, no response is required.

208.    With respect to the allegations contained in Paragraph "208" of the Complaint, which set forth conclusions of law, no response is required.

209.    Defendants deny the allegations contained in Paragraph "209" of the Complaint.

210.    Defendants deny the allegations contained in Paragraph "210" of the Complaint.

211.    Defendants admit the allegations contained in Paragraph "211" of the Complaint.

212.    Defendants deny the allegations contained in Paragraph "212" of the Complaint.

213.    Defendants deny the allegations contained in Paragraph "213" of the Complaint.

214.    Defendants deny the allegations contained in Paragraph "214" of the Complaint.

215.    Defendants deny the allegations contained in Paragraph "215" of the Complaint.

216.    Defendants deny the allegations contained in Paragraph "216" of the Complaint.

217.    Defendants deny the allegations contained in Paragraph "217" of the Complaint.

218.    Defendants deny the allegations contained in Paragraph "218" of the Complaint.

219.    Defendants deny the allegations contained in Paragraph "219" of the Complaint.

220.    Defendants deny the allegations contained in Paragraph "220" of the Complaint.

221.    Defendants deny the allegations contained in Paragraph "221" of the Complaint.

222.    Defendants deny the allegations contained in Paragraph "222" of the Complaint.

223.    Defendants deny the allegations contained in Paragraph "223" of the Complaint.

224.    Defendants deny the allegations contained in Paragraph "224" of the Complaint.

225.    Defendants deny the allegations contained in Paragraph "225" of the Complaint.

226.    Defendants deny the allegations contained in Paragraph "226" of the Complaint.

[1069567-3]

227.     With respect to the allegations contained in Paragraph "227" of the Complaint, which set forth conclusions of law, no response is required.

228.     Defendants deny the allegations contained in Paragraph "228" of the Complaint.

229.     Defendants deny the allegations contained in Paragraph "229" of the Complaint.

230.     Defendants deny the allegations contained in Paragraph "230" of the Complaint.

231.     Defendants deny the allegations contained in Paragraph "231" of the Complaint.

232.     Defendants deny the allegations contained in Paragraph "232" of the Complaint.

233.     Defendants deny the allegations contained in Paragraph "233" of the Complaint.

234.     With respect to the allegations contained in Paragraph "234" of the Complaint, which set forth conclusions of law, no response is required.

235.     Defendants deny the allegations contained in Paragraph "235" of the Complaint.

236.     Defendants deny the allegations contained in Paragraph "236" of the Complaint.

237.     Defendants deny the allegations contained in Paragraph "237" of the Complaint.

238.     Defendants admit the allegations contained in Paragraph "238" of the Complaint.

239.     Defendants deny the allegations contained in Paragraph "239" of the Complaint.

240.     Defendants deny the allegations contained in Paragraph "240" of the Complaint.

241.     Defendants deny the allegations contained in Paragraph "241" of the Complaint.

242.     Defendants deny the allegations contained in Paragraph "242" of the Complaint.

243.     Defendants deny the allegations contained in Paragraph "243" of the Complaint.

244.     Defendants deny the allegations contained in Paragraph "244" of the Complaint.

245.     Defendants deny the allegations contained in Paragraph "245" of the Complaint.

[1069567-3]

## AS TO "FLSA COLLECTIVE ACTION CLAIMS"

246.    Defendants admit that Plaintiffs purport to bring a collective action under the FLSA, but otherwise deny the allegations contained in Paragraph "246" of the Complaint, including, without limitation, that a "collective action" is appropriate or proper.

247.    Defendants deny the allegations contained in Paragraph "247" of the Complaint.

248.    Defendants deny the allegations contained in Paragraph "248" of the Complaint.

## AS TO "FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

249.    Defendants admit that Plaintiffs purport to bring this action on their own behalf and on behalf of a class, but otherwise deny the allegations contained in Paragraph "249" of the Complaint, including, without limitation, that any "class" is appropriate or proper.

250.    Defendants deny the allegations contained in Paragraph "250" of the Complaint.

251.    Defendants deny the allegations contained in Paragraph "251" of the Complaint.

252.    Defendants deny the allegations contained in Paragraph "252" of the Complaint.

253.    Defendants deny the allegations contained in Paragraph "253" of the Complaint.

254.    Defendants deny the allegations contained in Paragraph "254" of the Complaint.

255.    Defendants deny the allegations contained in Paragraph "255" of the Complaint.

256.    Defendants deny the allegations contained in Paragraph "256" of the Complaint.

257.    Defendants deny the allegations contained in Paragraph "257" of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"

258.    Defendants repeat and reallege Paragraphs "1" through "257" hereof with the same force and effect as if set forth at length herein.

259.    With respect to the allegations contained in Paragraph "259" of the Complaint, which set forth conclusions of law, no response is required.

[1069567-3]

260.     With respect to the allegations contained in Paragraph "260" of the Complaint, which set forth conclusions of law, no response is required.

261.     With respect to the allegations contained in Paragraph "261" of the Complaint, which set forth conclusions of law, no response is required.

262.     Defendants deny the allegations contained in Paragraph "262" of the Complaint.

263.     Defendants deny the allegations contained in Paragraph "263" of the Complaint.

264.     Defendants deny the allegations contained in Paragraph "264" of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"

265.     Defendants repeat and reallege Paragraphs "1" through "264" hereof with the same force and effect as if set forth at length herein.

266.     With respect to the allegations contained in Paragraph "266" of the Complaint, which set forth conclusions of law, no response is required.

267.     Defendants deny the allegations contained in Paragraph "267" of the Complaint.

268.     Defendants deny the allegations contained in Paragraph "268" of the Complaint.

269.     Defendants deny the allegations contained in Paragraph "269" of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"

270.     Defendants repeat and reallege Paragraphs "1" through "269" hereof with the same force and effect as if set forth at length herein.

271.     With respect to the allegations contained in Paragraph "271" of the Complaint, which set forth conclusions of law, no response is required.

272.     Defendants deny the allegations contained in Paragraph "272" of the Complaint.

273.     Defendants deny the allegations contained in Paragraph "273" of the Complaint.

274.     Defendants deny the allegations contained in Paragraph "274" of the Complaint.

[1069567-3]

## AS TO "FOURTH CAUSE OF ACTION"

275.      Defendants repeat and reallege Paragraphs "1" through "274" hereof with the same force and effect as if set forth at length herein.

276.      Defendants deny the allegations contained in Paragraph "276" of the Complaint.

277.      Defendants deny the allegations contained in Paragraph "277" of the Complaint.

278.      Defendants deny the allegations contained in Paragraph "278" of the Complaint.

## AS TO "FIFTH CAUSE OF ACTION"

279.      Defendants repeat and reallege Paragraphs "1" through "278" hereof with the same force and effect as if set forth at length herein.

280.      Defendants deny the allegations contained in Paragraph "280" of the Complaint.

281.      Defendants deny the allegations contained in Paragraph "281" of the Complaint.

282.      Defendants deny the allegations contained in Paragraph "282" of the Complaint.

## AS TO "SIXTH CAUSE OF ACTION"

283.      Defendants repeat and reallege Paragraphs "1" through "282" hereof with the same force and effect as if set forth at length herein.

284.      Defendants deny the allegations contained in Paragraph "284" of the Complaint.

285.      Defendants deny the allegations contained in Paragraph "285" of the Complaint.

## AS TO "SEVENTH CAUSE OF ACTION"

286.      Defendants repeat and reallege Paragraphs "1" through "285" hereof with the same force and effect as if set forth at length herein.

287.      Defendants deny the allegations contained in Paragraph "287" of the Complaint.

288.      Defendants deny the allegations contained in Paragraph "288" of the Complaint.

[1069567-3]

## AS TO "EIGHTH CAUSE OF ACTION"

289.    Defendants repeat and reallege Paragraphs "1" through "288" hereof with the same force and effect as if set forth at length herein.

290.    Defendants deny the allegations contained in Paragraph "290" of the Complaint.

291.    Defendants deny the allegations contained in Paragraph "291" of the Complaint.

## AS TO "NINTH CAUSE OF ACTION"

292.    Defendants repeat and reallege Paragraphs "1" through "291" hereof with the same force and effect as if set forth at length herein.

293.    With respect to the allegations contained in Paragraph "293" of the Complaint, which set forth conclusions of law, no response is required.

294.    Defendants deny the allegations contained in Paragraph "294" of the Complaint.

295.    Defendants deny the allegations contained in Paragraph "295" of the Complaint.

296.    Defendants deny the allegations contained in Paragraph "296" of the Complaint.

297.    Defendants deny the allegations contained in Paragraph "297" of the Complaint.

## AS TO "TENTH CAUSE OF ACTION"

298.    Defendants repeat and reallege Paragraphs "1" through "297" hereof with the same force and effect as if set forth at length herein.

299.    Defendants deny the allegations contained in Paragraph "299" of the Complaint.

300.    Defendants deny the allegations contained in Paragraph "300" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section of the Complaint, including subparagraphs (a) through (s).

[1069567-3]

## AS TO "JURY DEMAND"

Defendants deny that Plaintiffs are entitled to a trial by jury or that there exists any material or triable issues of fact.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims are barred, in whole or in part, by their failure to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred, in whole or in part, because the Defendants did not "employ" the Plaintiffs within the meaning of the FLSA or NYLL.

3.      Plaintiffs' claims are barred, in whole or in part, because the Defendants did not jointly employ any of the Plaintiffs with the other defendants in this action.

4.      Plaintiffs' claims are barred, in whole or in part, because the Defendants did not comprise or constitute a "single employer," "single enterprise," or "integrated enterprise" with the other defendants in this action.

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

6.      Plaintiffs' claims are barred, in whole or in part, because Defendants have made a complete and timely payment of wages owed to Plaintiffs to the extent employed by Defendants.

7.      Plaintiff's claims are barred, in whole or in part, to the extent that any uncompensated time is *de minimis* or preliminary or postliminary to main activities of employment.

8.      Plaintiffs are not entitled to civil penalties, prejudgment/post-judgment interest, statutory damages, liquidated damages, punitive damages, or an extended statute of limitations because any alleged act or omission giving rise to Plaintiffs' claims was made in good faith and

[1069567-3]

was not willful or reckless, and because Defendants had reasonable grounds for believing that any such alleged act or omission was not a violation of the FLSA or NYLL.

9.      Plaintiffs' claims are not maintainable or cognizable as a collective and/or class action since there is no community of interest or similarity between Plaintiffs and any member of the purported class or collective action; because Plaintiffs and the persons they purport to represent are not "similarly situated" with the respect to the claims alleged, rendering this case unsuitable for collective action treatment; because individual issues and facts substantially predominate over common issues and facts, if any, rendering this case unsuitable for class action treatment; because no ascertainable class exists; because a collective and/or class action is not a superior method for adjudicating the disputes Plaintiffs allege; because Plaintiffs fail to establish sufficient numerosity, commonality, and typicality; and because Plaintiffs are neither an adequate, suitable, nor appropriate class representatives for the classes they purport to represent.

10.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclear hands, estoppel, waiver, or *in pari delicto*.

11.      Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have been overpaid, received monies to which they are not entitled, or otherwise by off-sets or credits.

12.      If and to the extent a collective or class action is certified, then the Defendants reserve the right to assert the same or additional affirmative defenses in respect of the collective or class members' claims.

* * * * * * * * * *

**WHEREFORE**, Defendants respectfully request that this Court award judgment: (a) dismissing Plaintiffs' Complaint with prejudice in its entirety; and (b) granting such other and

[1069567-3]

further relief as this Court may deem just and proper, including, without limitation, interest, reasonable attorneys' fees, costs, and disbursements.

Dated:        New York, New York
              May 9, 2018

                                        **TANNENBAUM HELPERN**
                                        **SYRACUSE & HIRSCHTRITT LLP**


                                        By:  _/s/ Jason B. Klimpl_____
                                                Jason B. Klimpl
                                                Andrew W. Singer
                                        900 Third Avenue, 13th Floor
                                        New York, New York 10022
                                        (212) 508-6700
                                        klimpl@thsh.com
                                        singer@thsh.com

                                        *Attorneys for Defendants Rainbow Umbrella,*
                                        *LLC, Green Summit Group LLC, and Todd*
                                        *Millman*

To:     Haleigh Amant, Esq.
        Michael Faillace & Associates, P.C.
        60 E. 42nd Street, Suite 4510
        New York, NY 10165
        hamant@faillacelaw.com

        *Attorneys for Plaintiffs*
        [via ECF]


        Amy Habib Rittling
        Vincent M. Miranda
        Lippes Mathias Wexler Friedman LLP
        50 Fountain Plaza, Suite 1700
        Buffalo, New York 14202
        Tel: (716) 853-5100
        Fax: (716) 853-5199

        *Attorneys for Defendant Peter Schatzberg*
        [via ECF]

-26-

[1069567-3]