# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510              Telephone: (212) 317-1200
New York, New York 10165                        Facsimile: (212) 317-1620
_____

hamant@faillacelaw.com

June 28, 2018

**Via ECF**

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

            Re:     <u>Cruz Sanchez et al v. Rainbow Umbrella, LLC et al;</u>
                      Case No. 17-cv-09065-PGG

Dear Judge Gardephe:

      This firm represents Plaintiffs in the above referenced matter. Plaintiffs write to respectfully request that the Court grant Plaintiffs' leave to file a second amended complaint. The proposed amended complaint serves to add one additional Plaintiff.

      The undersigned emailed the Defendants' respective counsels seeking consent on June 26, 2018. To date, Defendants' counsels have not responded.

### I.    Factual Background

      This is an action for money damages brought by Plaintiffs Alfredo Cruz Sanchez, Antonio Miguel Jimenez, David Texis Tecuapacho, Leonardo Conde Rodriguez, Nicolas Mendez Avila, Ricardo Tepi Zenteno, Jorge Anibal Garcia Mejia, Miguel Alex Quiej Lopez, Isaias Enmanuel Gonzalez Tuluxan, and Deyvi Macario Yat Alvarez ("Plaintiffs") under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Specifically, Plaintiffs were employed ostensibly as delivery workers by Defendants at their restaurant/food delivery service operating under the name Rainbow Umbrella. Plaintiffs allege that Defendants failed to pay Plaintiffs proper minimum wage and overtime compensation required by federal and state laws and regulations. Plaintiffs also allege that Defendants violated the wage statement and notice and recordkeeping provisions of the NYLL. Moreover, Plaintiffs allege Defendants unlawfully misappropriated a portion of Plaintiffs' tips received from customers during their employment in violation of the NYLL.

Discovery in this matter is ongoing and is scheduled to end September 24, 2018. A former employee of the Defendants has presented himself to our firm and wishes to join the instant litigation. The facts of his case are substantially similar to those asserted by the Named Plaintiffs. In the interest of conserving judicial resources, Plaintiffs seek to file an amended complaint. Moreover, in light of the number of Plaintiffs and the risk of needing to amend the Complaint a third time due to more employees wishing to join the instant action, Plaintiffs would presently seek to certify a class and/or collective action in this matter.

## II.     Legal Basis for the Proposed Motion

(a) Legal Standard for Motion to Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs may amend their complaint "only with the opposing party's written consent or the court's leave." "The Court should freely give leave when justice so requires." *Id.* The Supreme Court has made clear that Rule 15(a)(2)'s "mandate is to be heeded." *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Thus, "[w]hen a party requests leave to amend its complaint, permission generally should be freely granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). However, "[l]eave to amend may properly be denied if the amendment would be futile," *id.* (citing *Foman*, 371 U.S. at 182), or "where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002); *see Losquadro v. FGH Trust Credit Corp.*, 959 F. Supp. 152, 159 (E.D.N.Y.) ("Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party…' will serve to prevent an amendment prior to trial." (quoting *Foman*, 371 U.S. at 182))).

(b) Plaintiff's Proposed Amendment Satisfies Rule 15(a)

Here, Plaintiffs' request for leave to amend should be granted. As an initial matter, Plaintiffs' proposed amendments do not raise any new theory of liability; accordingly, and in light of Defendants' decision not to file a 12(b)(6) motion in this matter, there does not appear to be any cognizable argument that Plaintiffs' proposed amendments are futile. *See*, *e.g.*, *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991) (explaining "[a]mendment of a complaint is futile where the proposed amended complaint would be unable to withstand a subsequent motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)).

Similarly, Defendants cannot make a showing that Plaintiffs' amendments would be unduly prejudicial. Your Honor ordered that any motion to amend pleadings must be filed within thirty (30) days of the date of the order dated May 29, 2018. Therefore, Plaintiffs are within the time frame designated by the Court to amend the pleadings. The delay, if the time period at issue here can be characterized as "delay" at all, comes nowhere near close to the kinds of delay shown to be necessary to warrant denial of leave to amend in this Circuit. *Cf. MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) (concluding that leave to amend was properly denied where the motion was made more than five years after the complaint was

filed and more than two years after the close of discovery; that the new claims would require additional discovery; and that the delay was unexplained); *Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 87-88 (2d Cir. 1998) (holding that leave to amend should not be granted where the motion was made for leave to amend after discovery was complete and where the movant waited several years after learning of the facts underlying the new claims before seeking to amend); *Zahra v. Town of Southold*, 48 F.3d 674, 685-86 (2d Cir. 1995) (affirming denial of leave to amend where the request to amend the complaint was filed two and one-half years after the commencement of the action and three months prior to trial); *but see Rachman Bag Co. v. Liberty Mut. Inc. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1994) (noting that "delay alone . . . does not usually warrant denial of leave to amend" and affirming trial court's holding that a four year delay in amending an answer is not per se undue delay or significant prejudice).

The amendments contemplated here would not require the Court to reopen discovery, which is only in its beginning stages. *See Barr v. Charterhouse Group Int'l, Inc.* (*In re Everfresh Bevs., Inc.*), 238 B.R. 558, 584 (Bankr. S.D.N.Y. 1999) (granting leave to amend and noting that "[w]hile many documents have been exchanged, no party has been deposed. Furthermore, the trial has not been scheduled and will not be significantly delayed by allowing the Plaintiffs to amend their pleadings."). Defendants cannot plausibly claim prejudice here. While some paper has been exchanged, no depositions have taken place yet.

For the foregoing reasons, Plaintiffs respectfully request the Court schedule a pre-motion conference concerning Plaintiffs' anticipated motion for leave to amend, or, in the alternative, consider this submission the motion to amend and grant Plaintiffs leave.

We thank the Court for its time and attention in this matter.

Respectfully Submitted,

*/s/Haleigh R. Amant*
Haleigh R. Amant, Esq.

cc: VIA ECF

Jason B. Klimpl
Andrew Paul Yacyshyn
Joseph D. Lockinger
Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Avenue
New York, New York 10022
(212) 508-7529
Fax: (212) 371-1084

June 28, 2018
Page 4


Email: klimpl@thsh.com
yacyshyn@thsh.com
lockinger@thsh.com
*Attorneys for Defendants Rainbow Umbrella, LLC,
Green Summit Group, LLC, and Todd Millman*

Amy Habib Rittling
Vincent M. Miranda
Lippes Mathias Wexler Friedman LLP
665 Main Street, Suite 300
Buffalo, New York 14203
(716) 853-5100
Fax: (716) 853-5199
ahabibrittling@lippes.com
vmiranda@lippes.com
*Attorneys for Defendant Peter Schatzberg*