

900 Third Avenue, New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

**Jason B. Klimpl**
Direct: (212) 508-7529
klimpl@thsh.com

July 9, 2018

**BY ECF & FAX**

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 705
New York, NY 10007
Fax: (212) 805-7986

    Re:  Position with Respect to Plaintiffs' Letter Dated June 28, 2018
           *Sanchez et al. v. Rainbow Umbrella, et al.*, 17 Civ. 9065 (PGG) ("*Sanchez*")

Dear Judge Gardephe:

      We are the attorneys for all of the defendants in connection with the above-referenced wage and hour action, with the exception of individual defendant Peter Schatzberg (our clients, "Defendants").

      We write in response to Plaintiffs' letter application dated June 28, 2018, wherein Plaintiffs (i) requested leave to file a second amended complaint; and (ii) stated their new intention to "seek to certify a class and/or collective action" due to "the number of Plaintiffs and the risk of needing to amend the Complaint a third time…."

      Defendants have no objection to Plaintiffs' application to file a second amended complaint.

      Defendants do, however, object to   Plaintiffs' newly discovered desire to pursue this matter as a class and/or collective action for the following reasons:

- Plaintiffs previously represented to this Court, and to the parties, that they would not be pursuing class or collective action certification, and it is unclear how locating a single additional plaintiff materially changes the potential number of putative class or opt-in members in this action.

[1074163-3]

Honorable Paul G. Gardephe
July 9, 2018
Page 2 of 3

- The Civil Case Management Plan and Scheduling Order that was entered by Your Honor on May 29, 2018 – as shaped by the parties' meet and confer and also their participation at the initial pre-trial conference – does not contemplate class discovery, a motion to conditionally certify this matter as a collective action, notices to potential opt-ins, a motion to decertify, and the other relevant timeframes associated with class and collection action practice.

- As a result of the parties' prior representations to the Court, and the Defendants' desire to avoid duplicative depositions, document requests, and other discovery demands, this case was marked as related to *Jochola et al. v. Green Summit Group LLC et al.,* 18 Civ. 1360 ("*Jochola*"), which was transferred from Judge J. Paul Oetken to Your Honor. Accordingly, potential class or collective action treatment of the instant case would serve to ensure duplicative discovery in *Jochola*.

In the event the Court is inclined, over Defendants' objections, to permit Plaintiffs to potentially pursue this matter as a class or collective action, then Defendants would respectfully request that a new scheduling order be discussed among and submitted by counsel, which should contemplate periods associated with class and collective actions, including, without limitation: (i) a briefing schedule for any Plaintiffs' motion to conditionally certify this matter as a collective action; (ii) notice periods for any putative opt-in plaintiffs; (iii) bifurcation of discovery into class certification discovery (*i.e.*, discovery on whether or not a class and/or collective action should be certified) followed by merits discovery (*see*, *e.g.*, *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *4 (S.D.N.Y. May 24, 2007) ("…pre-certification discovery on the merits of the class claims is generally inappropriate")); and (iv) deadlines for Plaintiffs' motion to certify any class action and Defendants' motion to decertify any conditional collective action.

Incidentally, we observe that Defendants and Plaintiffs alike indicated to Your Honor at the initial pre-trial conference that they were open to mediation of this case. Accordingly, and given the potentially lengthy path ahead if a class and/or collective action is pursued, we further respectfully request that the Court order mediation (together with the related *Jochola* case since the issues and defendants are substantially identical) and stay the existing discovery deadlines in order to ascertain whether a global resolution can be reached.

*****

[1074163-3]

Honorable Paul G. Gardephe
July 9, 2018
Page 3 of 3

    Thank you, Your Honor, for your consideration in this matter.

                                              Respectfully submitted,

                                              /s/ *Jason B. Klimpl*

                                              Jason B. Klimpl

cc:    Haleigh Amant, Esq.
        Michael Faillace & Associates, P.C.
        60 E. 42nd Street, Suite 4510
        New York, NY 10165
        hamant@faillacelaw.com
        *Attorneys for Plaintiffs*
        [via ECF]

        Amy Habib Rittling
        Vincent M. Miranda
        Lippes Mathias Wexler Friedman LLP
        50 Fountain Plaza, Suite 1700
        Buffalo, New York 14202
        ahabibrittling@lippes.com
        vmiranda@lippes.com
        *Attorneys for Defendant Peter Schatzberg*
        [via ECF]