LIPPES MATHIAS WEXLER FRIEDMAN LLP
Amy Habib Rittling (AR 6413)
Vincent M. Miranda (VM 0811)
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Tel: (716) 853-5100
Fax: (716) 853-5199
*Attorneys for Defendant Peter Schatzberg*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALFREDO CRUZ SANCHEZ, et al.
Individually and on behalf of others
similarly situated,

                 Plaintiff,

-vs-

RAINBOW UMBRELLA, LLC, et al.

                 Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT**

**17-CV-09065**

---

Defendant Peter Schatzberg (the "Defendant"), by and through his attorneys, Lippes Mathias Wexler Friedman LLP, for his Answer to Plaintiffs' Second Amended Complaint states as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted herein, Defendant denies each and every allegation contained in the Second Amended Complaint and specifically denies any liability to Plaintiffs. Defendant expressly reserves the right to seek to amend and/or supplement his Answer as may be necessary. The Defendant:

1. Denies the allegations contained in paragraphs 1-19, 24-44, 46-47, 49-279, 282-287, 289-299, 301-302, 307, 313-314, 316, 321, 326, 330, 334, 338, 341, 344, 349-350, and 353.

1

2. Avers that the allegations contained in paragraphs 20-23, 45, 48, 280-281, 288, 300, 303-306, 308-311, 315, 317-318, 320, 322-323, 325, 327-328, 331-332, 335-336, 339, 342, 345, 347-348, 351, and 354 of the Second Amended Complaint are legal claims or conclusions and therefore no response is required. To the extent a response is required, Plaintiffs' allegations are denied.

3. Repeats and restates his prior responses to paragraphs 312, 319, 324, 329, 333, 337, 340, 343, 346, and 352 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b)(1)(A) and 8(c), Defendant pleads the following defenses. The presentation of a defense under this heading shall not be construed to mean that the defense is necessarily an affirmative or avoidance defense under Rule 8(c). Whether a particular defense is an affirmative or avoidance defense is determined by the substantive law applicable to such defense. Defendant hereby pleads the following defenses:

### FIRST DEFENSE

4. Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

5. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

6. Plaintiffs are independent contractors and are not employees of Defendant.

### FOURTH DEFENSE

7. Plaintiffs are not an "employee" as that term is defined by either the Fair Labor Standards Act (29 U.S.C. § 203 *et seq.*) or by New York Labor Law Article 6 or Article 19.

## FIFTH DEFENSE

8. Defendant is not an "employer" of Plaintiffs as that term is defined by the Fair Labor Standards Act (29 U.S.C. § 203 *et seq.*) or by New York Labor Law Article 6 or Article 19.

## SIXTH DEFENSE

9. If the Court should determine the Fair Labor Standards Act is applicable, to the extent that Plaintiffs seek to recover damages for a time more than two years before the filing of this suit, such claims are time-barred by the Fair Labor Standards Act because Plaintiffs have not pled and cannot prove facts sufficient to establish that the alleged violations, if they did occur, were willful.

## SEVENTH DEFENSE

10. To the extent that a claim arising under New York law is not part of the same case or controversy over which the Court has jurisdiction under Article III and 28 U.S.C. §1367, this Court lacks subject matter jurisdiction over such claim and it should be dismissed.

## EIGHTH DEFENSE

11. Even if this Court may exercise jurisdiction over a claim arising under New York law, it should decline to do so for any applicable reason listed in 28 U.S.C. §1367.

## NINTH DEFENSE

12. To the extent that the Court dismisses Plaintiffs' federal causes of action, Plaintiffs' state law claims must also be dismissed because the Court should refuse to exercise jurisdiction over such claims.

## TENTH DEFENSE

13. Defendant at all times, and in all manners, acted in accordance with any and all duties and obligations he may have had under the Fair Labor Standards Act (29 U.S.C. § 203 *et seq.*) and/or New York Labor Law.

### ELEVENTH DEFENSE

14. Plaintiffs did not work in excess of forty hours in a workweek, were paid on a timely basis and in the proper amount pursuant to New York Labor Law.

### TWELFTH DEFENSE

15. Plaintiffs are not entitled to liquidated damages under the Fair Labor Standards Act and/or New York Labor Law because Defendant acted in good faith with respect to compliance with the Fair Labor Standards Act and New York Labor Law and had reasonable grounds for believing that all alleged acts or omissions were lawful. Any violations by Defendant of his obligations were unintentional, not willful.

### THIRTEENTH DEFENSE

16. Plaintiffs' New York Labor Law claims are preempted by the Fair Labor Standards Act because it does not establish a higher standard than the Fair Labor Standards Act.

### FOURTEENTH DEFENSE

17. Plaintiffs' claims must be dismissed in their entirety as Plaintiffs were paid all wages and monies to which they were due under applicable federal and state laws.

### FIFTEENTH DEFENSE

18. Plaintiffs are not engaged in interstate commerce or in the production of goods for interstate commerce. Defendant is not an enterprise engaged in commerce or in the production of goods for commerce.

### SIXTEENTH DEFENSE

19. The named Plaintiffs are not similarly situated to other individuals who performed services as alleged for the purposes of the Fair Labor Standard Act.

### SEVENTEENTH DEFENSE

20. Plaintiffs lack standing to bring the proposed collective action under the Fair Labor

Standards Act or to bring a class action under Rule 23 of the Federal Rules of Civil Procedure.

### EIGHTEENTH DEFENSE

21. Any actions taken with respect to Plaintiffs and/or any purportedly similarly situated individuals were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, and/or with reasonable grounds to believe such conduct complied with the Fair Labor Standards Act and/or New York Labor Law or interpretations of those statutes.

### NINETEENTH DEFENSE

22. Plaintiffs' claims asserted are barred and must be dismissed because any injury or damages allegedly suffered by the Plaintiffs, and/or by those employees purportedly similarly situated, were not caused by the acts or omissions of the Defendant.

### TWENTIETH DEFENSE

23. Plaintiffs, and the purportedly similarly situated employees were informed both in writing and orally that Defendant, in accordance with federal and state laws, would take a tip credit against Plaintiffs' wages.

### TWENTY-FIRST DEFENSE

24. Plaintiffs were not required and did not spend more than twenty percent of their working time performing non-tipped duties.

### TWENTY-SECOND DEFENSE

25. Plaintiffs received all wages due and owing to them for the performance of their services.

### TWENTY-THIRD DEFENSE

26. Defendant complied with all record keeping obligations under federal and state laws.

## TWENTY-FOURTH DEFENSE

27. Defendant complied with all notice obligations under federal and state laws.

## TWENTY-FIFTH DEFENSE

28. Some or all of Plaintiffs' claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under Fair Labor Standards Act and New York law.

## TWENTY-SIXTH DEFENSE

29. Plaintiffs are not entitled to conditional or final certification or to Court-facilitated notice because Plaintiffs are not similarly situated to potential opt-ins, Plaintiffs have not defined opt-ins clearly and objectively, and Plaintiffs cannot adequately represent the interests of the potential opt-ins.

## TWENTY-SEVENTH DEFENSE

30. Plaintiffs' attempt to pursue this case as a collective action or class action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each potential opt-in class member and each of Defendant's defenses is required.

## TWENTY-EIGHTH DEFENSE

31. Plaintiffs are not entitled to class action certification because Plaintiffs cannot satisfy the requirements for bringing a class action and Plaintiffs cannot adequately represent the interests of potential class members.

## TWENTY-NINTH DEFENSE

32. Plaintiffs' claims and the claims of any individuals whom Plaintiffs seeks to represent are barred as to all hours during which Plaintiffs or other individuals purportedly similarly situated were engaged in activities that were preliminary or postliminary to their principal activities.

### THIRTIETH DEFENSE

33. Plaintiffs' claims and the claims of any individuals whom Plaintiffs seeks to represent are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violation of direct orders of their supervisors and/or failed to avail themselves of complaint reporting mechanisms.

### THIRTY-FIRST DEFENSE

34. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, release, payment, accord and satisfaction, and/or laches.

### THIRTY-SECOND DEFENSE

35. Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

### THIRTY-THIRD DEFENSE

36. Any recovery by Plaintiffs should be limited to the extent Plaintiffs have failed to mitigate any of the damages alleged in the Second Amended Complaint.

### THIRTY-FOURTH DEFENSE

37. Defendant reserves the right to assert any additional defenses, cross-claims and/or to amend this Answer to the Second Amended Complaint.

**WHEREFORE**, Defendant Peter Schatzberg demand entry of judgment against Plaintiffs, and in his favor, dismissing the Second Amended Complaint herein, with prejudice, together with such other and further relief that the Court deems just and proper.

Dated: September 13, 2018
      Buffalo, New York

                Respectfully submitted,

                **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

                            By: /s/ Vincent M. Miranda
                            Amy Habib Rittling (AHR 6413)
                            Vincent M. Miranda (VM 0811)
                            *Attorneys for Defendant Peter Schatzberg*
                            50 Fountain Plaza, Suite 1700
                            Buffalo, New York 14202
                            Telephone: (716) 853-5100
                            ahabibrittling@lippes.com
                            vmiranda@lippes.com

TO:    MICHAEL FAILLACE & ASSOCIATES, P.C. (via ECF)
         *Attorneys for Plaintiffs*
         60 East 42nd Street, Suite 4510
         New York, NY 10165

         TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP (via ECF)
         *Attorneys for Defendants Rainbow Umbrella LLC, Green Summit Group LLC and Todd Millman*
         900 Third Avenue
         New York, NY 10022