# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                         Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620

—————

gnaydenskiy@faillacelaw.com

**BY ECF**

Honorable Paul G. Gardephe
United States District Judge
40 Foley Square
New York, New York 10007

**RE:**    ***Cruz Sanchez et al v. Rainbow Umbrella, LLC et al. – 17-cv-9065-PGG***

　　　***Upon Jochola, et al v. Green Summit Group LLC, et al. – 18-cv-1360***

Honorable Judge Gardephe:

　　　This office represents Plaintiffs in the above referenced matter.  After several months of settlement discussions, exchanged documents and information, the parties have agreed to a negotiated settlement agreement at mediation("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement based on the terms and conditions and as fully described in the Agreement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## **BACKGROUND**

　　　Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum wage, overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

Plaintiffs allege they would be entitled to back wages of approximately $77,607.17 as their best case scenario. The crux of Plaintiffs' claims lies on whether they received proper tip credit notice. However, Defendants believe that they gave Plaintiffs proper tip credit notice and produced a sampling of documents that shows proper notice being given to at least one of the Plaintiffs. Thus, in order to avoid the legal risks of protracted litigation and future collection issues, the parties have agreed to settle this action for the total sum of $55,000. Additionally, another litigation risk for Plaintiffs is Defendants' ability to pay any judgment considering the businesses have not been active for several years.  A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit C.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The settlement conducted by a neutral mediator via the SDNY mediation program after several months of settlement discussions and exchanged documents and information. Therefore, Plaintiffs believe the settlement is reasonable because of the inherent litigation and collection risk[1].

---

[1] the release is only covers wage and hour claims, and does not include confidentiality provision, in line with the case law following *Cheeks*

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $19,575.33 which is comprised of 1) 1/3 of the $55,000 settlement  which equals 18,333.33 and 2) $1,242 in costs.[2]

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  Counsel's lodestar is $21,790 in attorneys' fees[3], making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

     i.     Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  Faillace's regular billing rate is $450 per hour and is reflected in Exhibit B by the initials "MF."

     ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and

---

[2] Defendants take no position with respect to whether or not Plaintiffs' counsel's requested fees are reasonable.
[3] A copy of Plaintiff's counsel's billing record is attached as "Exhibit B."

Associates from May 2012. My billing rate of $350 per hour is reflected in Exhibit B with my initials "GN."

     iii.     Sara Isaacson was an associate at Michael Faillace & Associates, P.C. for approximately two years from May 2017. Sara Isaacson graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation.

     iv.     Haleigh Amant was an associate at Michael Faillace & Associates, P.C. for approximately one year. Haleigh Amant finished law school in 2017. Her work is billed at $250 per hour and indicated by the initials "HA.".

     v.     Paralegal time reflected in Exhibit C as "PL" is billed at $125 an hour

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case"); Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases."); See Lizondro-Garcia v. Kefi LLC, No. 12 Civ. 1906 (HBP), 2015 U.S. Dist. LEXIS 85873, 2015 WL 4006896, at *8 (S.D.N.Y. July 1, 2015) ("In recent FLSA actions, hourly rates between $100 and $125 for paralegal work have been found to be reasonable."); Viafara v. MCIZ Corp., No. 12 Civ. 7452 (RLE), 2014 U.S. Dist. LEXIS 60695, 2014 WL 1777438, at *14 (S.D.N.Y. May 1, 2014) (approving hourly rate of $125 for paralegal); Guallpa v. N.Y. Pro Signs Inc., No. 11 Civ. 3133 (LGS) (FM), 2014 U.S. Dist. LEXIS 77033, 2014 WL 2200393, at *10 (S.D.N.Y. May 27, 2014)

(reducing paralegal hourly rate to $125), report and recommendation adopted, 2014 U.S. Dist.

LEXIS 116671, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014)

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that

the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (this "Agreement") is made and entered into by and among Alfredo Cruz Sanchez, Antonio Miguel Jimenez, David Texas Tecuapacho, Leonardo Conde Rodriguez, Nicolas Mendez Avila, Ricardo Tepi Zenteno, Jorge Anibal Garcia Mejia, Miguel Alex Quiej Lopez, Isaias Emanuel Gonzalez Tuluxan, Deyvi Macario Yat Alvarez, Santos Rocha Victoria, Jilmar D. Ramirez, Felipe Upon Jochola, Ottoniel Ramos Baten, Miguel Francisco Ajpop, Roman Pajarito, and Andres Sandoval (collectively, the "Plaintiffs") and Clemente Mendez Aparicio ("Aparicio", and together with the Plaintiffs, the "Claimants") Rainbow Umbrella, LLC ("Rainbow Umbrella"), Green Summit Group LLC ("Green Summit"), City Barn Group LLC ("City Barn"), Black Lexington Group, LLC ("Black Lexington" together with Rainbow Umbrella, Green Summit, and City Barn, the "Corporate Defendants"), Todd Millman ("Millman"), and Peter Schatzberg ("Schatzberg") (the Corporate Defendants, Millman and Schatzberg, collectively, the "Defendants").

## RECITALS

**WHEREAS**, Claimants were employed by the Corporate Defendants;

**WHEREAS**, Claimants have alleged, *inter alia*, that the Defendants failed to pay them the applicable minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL");

**WHEREAS**, Claimants have further alleged, *inter alia*, that the Defendants failed to provide them with statutorily required wage notices and paystubs in violation of the NYLL;

**WHEREAS**, Claimants have further alleged, *inter alia*, that the Defendants failed to pay them spread of hours pay in violation of the NYLL;

**WHEREAS**, Claimants have further alleged, *inter alia*, that the Defendants unlawfully withheld certain gratuities received by Claimants in violation of the NYLL;

**WHEREAS**, certain Claimants have further alleged, *inter alia*, that the Defendants failed to pay them overtime compensation in violation of the FLSA and NYLL;

**WHEREAS**, based on such allegations, two related wage and hour actions were commenced against the Defendants by Plaintiffs in the United States District Court for the Southern District of New York (the "Court") – *Sanchez et al. v. Rainbow Umbrella, LLC et al.*, Case No. 17 Civ. 09065 (PGG) ("Case 1"), and *Jochola et al. v. Green Summit Group LLC et al.*, Case No. 18 Civ. 01360 (PGG) ("Case 2") (Case 1 and Case 2, collectively, the "Actions");

**WHEREAS**, Aparicio has expressed a desire to join the Plaintiffs in at least one of the Actions and assert claims against the Defendants arising under the FLSA and NYLL;

**WHEREAS**, the Defendants have denied and continue to deny, each and every material allegation asserted by the Claimants and the Plaintiffs in the Actions, including (without limitation) that Claimants are owed any wages whatsoever, and Defendants further deny that

Defendants have violated the FLSA, NYLL, or any other law, rule or regulation, or committed any wrong whatsoever against, or are liable in any way to, the Claimants;

**WHEREAS,** the Court presiding over the Actions has made no determinations as to the merits of the Plaintiffs' claims and Defendants' defenses in the Actions;

**WHEREAS,** the parties, through their respective attorneys, have negotiated to reach a settlement acceptable to the parties, which constitutes a reasonable compromise of the Claimants' potential claims and the Defendants' potential defenses;

**WHEREAS,** the parties desire to fully and finally resolve and settle in full all claims that were or could have been asserted by Claimants in the Actions; and

**WHEREAS,** the parties jointly assert that this Agreement is fair, reasonable, and adequate, particularly in light of the *bona fide* disputed issues of fact and law that exist, the expense of litigation, and the uncertainty surrounding what relief the parties may or may not be able to obtain through further litigation.

**NOW, THEREFORE,** the parties, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1.  <u>Resolution of the Actions</u>. This Agreement finally resolves all matters relating to or arising out of the Actions.

2.  <u>Time to Consider</u>. Claimants have had a period of at least twenty-one (21) days during which to consider whether to enter into this Agreement.

3.  <u>Settlement Payment; Related Conditions</u>.

(a) Provided each and every Claimant has signed this Agreement and returned it to the Defendants within twenty one (21) days of having received it from the Defendants (the date such fully signed Agreement is timely received by the Defendants shall be referred to herein as the "<u>Effective Date</u>"), in consideration of Claimants' execution and compliance with the terms of this Agreement, the Claimants shall be paid a total aggregate settlement amount of Fifty Five Thousand Dollars ($55,000.00) (the "<u>Settlement Payment</u>"), which shall be apportioned as follows:

| <u>Check Payee</u> | <u>Amounts Representing Alleged Compensatory Damages and Payable on an IRS Form W-2, Basis, Subject to Withholdings</u> | <u>Amounts Representing Alleged Liquidated Damages and Payable on an IRS Form 1099-Misc. Basis, Not Subject to Any Withholdings or Deductions</u> |
|---|---|---|
| | | |

| | | |
|---|---|---|
| Alfredo Cruz Sanchez | $708.49 | $708.49 |
| Antonio Miguel Jimenez | $531.37 | $531.37 |
| David Texas Tecuapacho | $708.49 | $708.49 |
| Leonardo Conde Rodriguez | $531.37 | $531.37 |
| Nicolas Mendez Avila | $708.49 | $708.49 |
| Ricardo Tepi Zenteno | $885.62 | $885.62 |
| Jorge Anibal Garcia Mejia | $885.62 | $885.62 |
| Miguel Alex Quiej Lopez | $708.49 | $708.49 |
| Isaias Emanuel Gonzalez Tuluxan | $1,416.99 | $1,416.99 |
| Deyvi Macario Yat Alvarez | $708.49 | $708.49 |
| Santos Rocha Victoria | $1,062.74 | $1,062.74 |
| Jilmar D. Ramirez | $1,239.86 | $1,239.86 |
| Felipe Upon Jochola | $1,416.99 | $1,416.99 |
| Ottoniel Ramos Baten | $708.49 | $708.49 |
| Miguel Francisco Ajpop | $2,125.48 | $2,125.48 |
| Roman Pajarito | $1,416.99 | $1,416.99 |
| Andres Sandoval | $1,062.74 | $1,062.74 |
| Clemente Mendez Aparicio | $885.62 | $885.62 |
| Michael Faillace & Associates, P.C. | | $19,575.33 |

Each payee's portion of the Settlement Payment shall be payable as follows: (i) 54.55% (i.e., $30,000 in the aggregate) within thirty (30) days after the Court approves this Agreement and "so-orders" the Stipulation (or otherwise enters an Order of Dismissal with Prejudice in the Actions), as described in Section 3(c) below (the "Initial Payment"); and (ii) the remaining 45.45% (i.e., $25,000 in the aggregate) in 18 equal monthly installments (the "Monthly Payments"), with the first installment being made within thirty (30) days after payment of the Initial Payment, and each subsequent installment payable within thirty (30) days following the immediately preceding installment.

All payments hereunder shall be made by check and delivered to Claimants' attorneys at the address set forth in Section 15 below. The foregoing payments shall be subject to and conditioned upon Claimants' delivery to Defendants' attorneys of completed IRS Forms W-9 for Claimants and their attorneys.

(b) Claimants agree to indemnify and hold Defendants and the other Releasees harmless in the event that any governmental taxing authority asserts any claim for unpaid taxes, failure to withhold taxes, improper reporting, penalties, or interest based upon the payment, reporting, or tax treatment of the Settlement Payment. Claimants acknowledge that Defendants and their attorneys have not made any representations to Claimants regarding the tax consequences of any payments under this Agreement.

(c) On or promptly after the Effective Date, Plaintiffs shall cause their attorneys to execute and deliver to Defendants' attorneys a Stipulation of Dismissal with Prejudice for both Case 1 and Case 2 (the "Stipulation"), in substantially the form as attached hereto as Exhibit A. Defendants' attorneys are hereby authorized to submit the executed stipulation to the Court and to deliver and file such executed stipulation with any court(s) of competent jurisdiction and/or its court clerks, officers, employees, and/or administrators. Plaintiffs (and to the extent necessary, Aparicio) and their attorneys shall execute and deliver to Defendants and their attorneys any additional or other documentation, papers or instruments required to effectuate the dismissal with prejudice of the Actions against Defendants. Claimants shall fully cooperate with Defendants and use best efforts and take all action as is necessary to fully implement this Agreement and the parties' intent to finally dispose of the Actions, including, without limitation, the preparation and filing of any required fairness statement or application for reasonable attorneys' fees.

(d) Except for the Settlement Payment, Claimants acknowledge that Claimants have received all compensation and other benefits and payments due to Claimants for services performed for the Defendants.

(e) This Agreement shall not be construed as part of any severance pay plan, welfare benefits plan or pension plan.

(f) Notice of Default; Right to Cure. In the event Defendants fail to make the Monthly Payments in a timely manner as required by this Agreement, Claimants' attorneys shall provide notice of Defendants' default to Defendants' attorneys in accordance with Section 15 below. Defendants will then have fifteen (15) business days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, then 150% of the entire unpaid amount shall become due and owing as of the 16th business day following receipt of said notice.

(g) Confession of Judgment. Defendants shall execute a Confession of Judgment, in the form attached hereto as Exhibit B (the "Confession"). Upon the execution of this Agreement, Defendants shall deliver or cause to be delivered an originally executed Confession to Claimants' attorneys. Upon delivery to Claimants' attorneys, the Confession shall be held in escrow, except as permitted in this Section. In the event Defendants fail to timely make one or more of the Monthly Payments to Claimants and fail to timely cure the default pursuant to this Agreement, Claimants' attorneys may release the Confession from escrow and Claimants may proceed to immediately enter

- 4 -

judgment, based on the Confession, for 150% of the outstanding amount of the Monthly Payments then due to Claimants. Upon Claimants' receipt of payment in full of the entirety of the Settlement Payment, including all Monthly Payments, Claimants' attorneys will return the Confession to Defendants' attorneys.

4.   Releases of Claims. In consideration of and as a material inducement for the Settlement Payment, Claimants, to the fullest extent permitted by law, forever waive, release and discharge, and covenant not to sue, the Defendants and their predecessors, successors, assigns, parents, subsidiaries, and other affiliates, and each and every of their respective past, present, and future, employees, contractors, consultants, associates, managers, officers, business partners, owners, members, shareholders, vendors, divisions, parents, subsidiaries, predecessors, successors, assigns, customers, investors, representatives, plans, insurers, fiduciaries, attorneys, estates, trustees, family members, heirs, representatives, and agents, in their respective capacity as such, (collectively, the "Releasees"), from any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises or agreements of any nature, known or unknown to Claimants, that Claimants may have, ever have had or hereafter may have, from the beginning of the world to the date Claimants execute this Agreement, arising out of or relating to any claim or allegation that was or could have been asserted in the Actions, including, without limitation, under the NYLL or the FLSA. This Agreement covers claims of which Claimants currently may or may not have knowledge, but does not apply to the Defendants' obligations pursuant to this Agreement. This waiver, release and promise not to sue is binding on Claimants and Claimants' respective heirs, legal representatives, insurers, agents, and assigns.

5.   No Lawsuits or Charges Filed. Except in respect of the Actions, Claimants represent that neither Claimants nor any other person on Claimants' behalf, directly or indirectly: (a) has filed any complaint, charge or lawsuit against the Releasees with any governmental agency, commission, court or any other forum and/or (b) has assigned or transferred, in whole or in part, to any person or entity any claim that Claimants had or have against any Releasee.

6.   Non-Admission; No Violation. Except as otherwise alleged in the Actions, Claimants are not aware of any conduct or wrongdoing by the Defendants against the Claimants that might violate federal, state or local laws, rules or regulations. This Agreement shall not in any way be construed as an admission by the Defendants or the other Releasees of any liability or any wrongful, discriminatory, or illegal act or omission, whether under the FLSA, NYLL, or otherwise. Defendants specifically disclaim and deny any liability to Claimants.

7.   Non-Defamation. Subject to the parties' unfettered right to openly and truthfully discuss the Actions and the claims and circumstances surrounding them, each party shall not at any time say, write or cause to be said or written, directly or indirectly, any statement that may be considered defamatory with respect to the other party (and, in Claimants' case, with respect to the other Releasees).

8.   No Injury or Occupational Disease; Leaves of Absence. Claimants affirm that Claimants have no known workplace injuries or occupational diseases of which Claimants are aware. Claimants acknowledge and agree that Claimants have not suffered any on-the-job injury for which Claimants have not already filed a claim. Claimants agree that Claimants have been granted any

leave to which Claimants were entitled under the Family and Medical Leave Act, the New York City Earned Safe and Sick Time Act, and all other federal, state or local leave or disability accommodation laws.

9.   Advice to Consult with Attorney. By signing this Agreement, Claimants are signifying that Claimants have read this Agreement thoroughly, that Claimants have consulted with Claimants' attorneys (Michael Faillace & Associates, P.C.) prior to executing this Agreement and that Claimants' agreement to the terms of this Agreement is knowing, willing and voluntary. Except as expressly provided above, Defendants are in no way liable or responsible for Claimants' attorneys' fees, if any, in this matter.

10.  Remedies for Breach. If a Claimant makes any material misrepresentation in this Agreement or breaches this Agreement in any material way, including by bringing or maintaining any charge, claim, grievance or lawsuit contrary to this Agreement, then: (a) the Defendants' obligation to make any Settlement Payment (or installment or portion thereof) to such Claimant shall terminate and he shall be required to repay to the Defendants the full amount of the Settlement Payment paid to him; and (b) such Claimant shall pay any and all costs and expenses (including reasonable attorneys' fees) of the Releasees incurred (i) in defending against any charges, claims or actions brought or maintained in violation of this Agreement, and/or (ii) to otherwise enforce the terms of this Agreement, including but not limited to, costs and expenses incurred in demonstrating a breach of this Agreement. The remedies described in this Section are in addition to any and all other remedies available to the parties at law, in equity or otherwise.

11.  Severability. If any provision of this Agreement, or any part thereof, is held by a court of competent jurisdiction to be invalid, void, unenforceable or against public policy for any reason, this Agreement shall be construed without such term or condition and the remainder of the Agreement shall remain in full force and effect and shall not be affected, impaired or invalidated. If any court construes any provision of this Agreement to be unenforceable by reason of being overbroad, such court shall reduce the breadth of such provision to the extent necessary to render it enforceable and, in its reduced form, such provision shall then be enforced.

12.  Entire Agreement; Amendment; Waiver. This Agreement constitutes the entire understanding and agreement between the parties and supersedes and cancels all previous agreements and commitments, whether oral or written, in connection with the matters described herein. In executing this Agreement, Claimants are not relying, and have not relied, upon any oral or written representations or statements not set forth or referred to herein. No waiver or termination of this Agreement shall be binding unless it is in writing and signed by the parties hereto. No failure to insist upon compliance with any term or condition of this Agreement, whether by conduct or otherwise, shall be deemed to be or construed to be a waiver of such term or condition.

13.  Enforcement. This Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of New York without reference to conflict of law principles.

14.  Assignment. All rights and obligations hereunder shall inure to the benefit of and be binding upon the Defendants' successors and assigns. Claimants shall not assign this Agreement or any part hereof.

- 6 -

15. <u>Notices</u>. Each notice or communication required or permitted under this Agreement shall be given in writing by personal delivery or by recognized overnight courier, with copy via e-mail, to the following addresses (or at such other address as hereafter may be designated in writing by either party to the other):

> If to Claimants:
>
> Gennadiy Naydenskiy, Esq.
> Michael Faillace & Associates, P.C.
> 60 E. 42nd Street, Suite 4510
> New York, NY 10165
> gnaydenskiy@faillacelaw.com
>
> If to the Corporate Defendants or Millman:
>
> Jason B. Klimpl, Esq.
> Tannenbaum Helpern Syracuse & Hirschtritt LLP
> 900 Third Avenue, 13th Floor
> New York, NY 10022
> klimpl@thsh.com
>
> If to Schatzberg:
>
> Vincent M. Miranda, Esq.
> Lippes Mathias Wexler Friedman LLP
> 50 Fountain Plaza, Suite 1700
> Buffalo, NY 14202
> vmiranda@lippes.com

16. <u>Interpretation</u>. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing this Agreement to have been drafted.

17. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. PDF, facsimile and other electronic signatures shall be deemed as valid as original signatures.

18. <u>Claimant Acknowledgement</u>. By signing this Agreement, each Claimant acknowledges:

**I acknowledge that I have carefully read and considered this Agreement; that I have been advised and reviewed this Agreement with my legal advisors; that I understand that by signing this Agreement I RELEASE legal claims and WAIVE certain rights; and that I freely and voluntarily consent to all terms of this Agreement with full understanding of what they mean.**

19. <u>Reconocimiento en Español (Spanish Acknowledgment)</u>. Al firmar a continuación, los Demandantes representan que su idioma principal es el español y que sus abogados revisó todos los términos de este Acuerdo con él / ella en español. Los Demandantes han entendido

completamente todos los términos de este Acuerdo y voluntariamente los aceptan firmando a continuación. (*By signing below, each Claimant represents that his/her primary language is Spanish and that his/her counsel has reviewed all terms of this Agreement with him/her in Spanish. Claimant has fully understood all terms of this Agreement and voluntarily accepts them by signing below.*)

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties below have executed this Settlement Agreement and Release of Claims.

**CLAIMANTS**:

Date: _____

ALFREDO CRUZ SANCHEZ

Date: 8-30-19

ANTONIO MIGUEL JIMENEZ

Date: 10/8/19

DAVID TEXAS TECUAPACHO

Leonardo conde Rodríguez    Date: Oct 15, 2019

LEONARDO CONDE RODRIGUEZ

N Mendez    Date: 10-9-19

NICOLAS MENDEZ AVILA

Ricardo Tepi tero    Date: 10/07/19

RICARDO TEPI ZENTENO

Date: 8/22/19

JORGE ANIBAL GARCIA MEJIA

Date: 8/23/19

MIGUEL ALEX QUIEJ LOPEZ

Date: 8-22-19

ISAIAS EMANUEL GONZALEZ TULUXAN

- 9 -

IN WITNESS WHEREOF, the parties below have executed this Settlement Agreement and Release of Claims.

CLAIMANTS:

_____  Date: 25/10/19
ALFREDO CRUZ SANCHEZ

_____  Date: 30-19
ANTONIO MIGUEL JIMENEZ

_____  Date: 10/8/19
DAVID TEXAS TECUAPACHO

Leonardo conde Rodríguez  Date: Oct 15, 2019
LEONARDO CONDE RODRIGUEZ

_____  Date: 10-9-19
NICOLAS MENDEZ AVILA

_____  Date: 10/07/19
RICARDO TEPI ZENTENO

_____  Date: 8/22/19
JORGE ANIBAL GARCIA MEJIA

_____  Date: 8/23/19
MIGUEL ALEX QUIEJ LOPEZ

_____  Date: 8-22-19
ISAIAS EMANUEL GONZALEZ TULUXAN

-9-

Date: 8/23/19
DEYVI MACARIO YAT ALVAREZ

Date: 8-28-19
SANTOS ROCHA VICTORIA

Date: 08/22/19
JILMAR D. RAMIREZ

Date: 8/29/19
FELIPE UPON JOCHOLA

Date: 10/30/19
OTTONIEL RAMOS BATEN

8/22/19
Date:
MIGUEL FRANCISCO AJPOP

Date: 8/22/19
ROMAN PAJARITO  XOCHIMITL

Date: 8-23-19
ANDRES SANDOVAL  ORDAZ

Clemente Mendez  Date: 9-5-19
CLEMENTE MENDEZ APARICIO

- 10 -

**DEFENDANTS**:

RAINBOW UMBRELLA, LLC

_____

By:
Title:
Date:


GREEN SUMMIT GROUP LLC

_____

By:
Title:
Date:


CITY BARN GROUP LLC

_____

By:
Title:
Date:


BLACK LEXINGTON GROUP, LLC

_____

By:
Title:
Date:


_____    Date: _____

TODD MILLMAN


_____    Date: _____

PETER SCHATZBERG

# Settlement Agreement Signed by Some Plaintiffs

**Final Audit Report**                                                2019-10-15

| | |
|---|---|
| Created: | 2019-10-15 |
| By: | MICHAEL FAILLACE (paralegal5@faillacelaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAVlw0kMLraDwvqb1asEI3fd9bItVNtU7f |

## "Settlement Agreement Signed by Some Plaintiffs" History

- Document created by MICHAEL FAILLACE (paralegal5@faillacelaw.com)
  2019-10-15 - 11:08:36 PM GMT- IP address: 24.103.251.186

- Document emailed to Leonardo conde rodriguez (pachisxxx87@yahoo.com) for signature
  2019-10-15 - 11:09:42 PM GMT

- Email viewed by Leonardo conde rodriguez (pachisxxx87@yahoo.com)
  2019-10-15 - 11:16:39 PM GMT- IP address: 200.68.143.3

- Document e-signed by Leonardo conde rodriguez (pachisxxx87@yahoo.com)
  Signature Date: 2019-10-15 - 11:41:21 PM GMT - Time Source: server- IP address: 200.68.143.183

- Signed document emailed to Leonardo conde rodriguez (pachisxxx87@yahoo.com) and MICHAEL FAILLACE (paralegal5@faillacelaw.com)
  2019-10-15 - 11:41:21 PM GMT

Adobe Sign

**DEFENDANTS**:

RAINBOW UMBRELLA, LLC

_____

By:
Title:
Date:


GREEN SUMMIT GROUP LLC

_____

By:
Title:
Date:


CITY BARN GROUP LLC

_____

By:
Title:
Date:


BLACK LEXINGTON GROUP, LLC

_____

By:
Title:
Date:


_____    Date: _____
TODD MILLMAN


_____    Date: 28/8/2019
PETER SCHATZBERG

- 11 -

**DEFENDANTS**:

RAINBOW UMBRELLA, LLC

By: Todd millman
Title: Authized Signator
Date: 11-12-19

GREEN SUMMIT GROUP LLC

By: Todd millman
Title: Authorized Signator
Date: 11-12-19

CITY BARN GROUP LLC

By: Todd millman
Title: Authorized Signator
Date: 11-12-19

BLACK LEXINGTON GROUP, LLC

By: Todd millman
Title: Authorized Signator
Date: 11-12-19

                                           Date: 11-12-19

TODD MILLMAN

                                           Date:

PETER SCHATZBERG

# EXHIBIT B

### Michael Faillace & Associates, P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200              Fax:(212) 317-1620

Felipe de Jesus Valenzuela Munoz                              December 11, 2020

|  | File #: | GreenSummit2 |
|---|---|---|
| **Attention:** | Inv #: | 1233 |

**RE:**    Upon Jochola et al v. Green Summit Group LLC et al ; 18-cv-01360

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Oct-31-17 | meeting with with client and got facts for the case | 0.80 | 360.00 | MF |
| Nov-03-17 | contacted client to discuss case | 0.10 | 45.00 | MF |
| Nov-14-17 | interviewed new client and got facts for case | 0.90 | 405.00 | MF |
| Nov-20-17 | researched lexis to find name of corp and drafted the complaint | 2.80 | 1,260.00 | MF |
| Dec-15-17 | interviewed new client and got facts for case | 0.80 | 360.00 | MF |
| Feb-04-18 | reviewed and corrected complaint | 1.90 | 855.00 | MF |
| Feb-08-18 | reviewed complaint and discussed case with paralegal | 0.60 | 270.00 | MF |
| Feb-12-18 | discussed case with paralegal | 0.10 | 45.00 | MF |
| Feb-15-18 | reviewed and corrected complaint; discussed case with SC | 1.80 | 810.00 | MF |
| May-18-18 | Reviewed amended complaint | 0.50 | 175.00 | SI |
| May-19-18 | reviewed and corrected complaint | 0.90 | 405.00 | MF |
| May-21-18 | Drafted case management plan | 0.20 | 70.00 | SI |

| Date | Description | Hours | Amount | Staff |
|---|---|---|---|---|
| Jun-13-18 | Drafted initial disclosures | 0.80 | 280.00 | SI |
| | Drafted discovery requests | 1.40 | 490.00 | SI |
| Aug-09-18 | Telephonic initial conference | 0.30 | 105.00 | SI |
| Aug-14-18 | discussed status of case with staff | 0.10 | 45.00 | MF |
| Oct-02-18 | Telephone conference with opposing counsel and mediator | 0.30 | 105.00 | SI |
| Nov-14-18 | Drafted initial disclosures protocol responses | 0.50 | 175.00 | SI |
| Nov-20-18 | Drafted mediation statement | 1.20 | 420.00 | SI |
| Jan-25-19 | Travel to and from mediation; appear at mediation | 6.50 | 2,275.00 | SI |
| Apr-11-19 | email def attorney re: sett draft | 0.10 | 35.00 | GN |
| May-09-19 | review sett agreement | 0.60 | 210.00 | MF |
| Jul-16-19 | email def attorney | 0.10 | 35.00 | GN |
| Aug-14-19 | telephone call w/ def attorney re: confessions of judgments | 0.10 | 35.00 | GN |
| Aug-21-19 | Telephone call with client Miguel Ajpop to let him know his settlement is ready for signing. | 0.10 | 10.00 | PL |
| | Telephone call with client Andres Sandoval to come sign the agreement | 0.10 | 10.00 | PL |
| | Telephone call with client Clemente Aparicio | 0.10 | 10.00 | PL |
| | Telephone call with client Roman Pajarito | 0.10 | 10.00 | PL |
| | Telephone call with client Jilmar Ramirez | 0.10 | 10.00 | PL |
| Sep-18-20 | Plaintiff Roman Pajarito emailed me asking me when can he sign the agreement, I found the client in the case and  emailed GN | 0.40 | 50.00 | PL |
| Nov-24-20 | email w/ opposing counsel re: call | 0.10 | 35.00 | GN |
| | email w/ opposing counsel re: scheduling call | 0.10 | 25.00 | GN |

Nov-30-20          telephone call w/ opposing counsel re: procedure          0.10          35.00          GN

                   Totals                                              24.60      $9,465.00

**DISBURSEMENTS**

|          |                                                     |        |
|----------|-----------------------------------------------------|--------|
|          | Filing Fee                                          | 400.00 |
| Feb-26-18 | Process Server Black Lexington Group LLC            | 63.00  |
|          | Process Server City Barn Group LLC                  | 63.00  |
|          | Process Server Green Summit Group LLC               | 63.00  |
| Mar-06-18 | Process Server (Service on: Black Lexington Group LLC) | 63.00 |
|          | Process Server (Service on: Green Summit Group LLC) | 63.00  |
|          | Process Server (Service on: City Barn Group LLC)    | 63.00  |

                   Totals                                                        $778.00

**Total Fee & Disbursements**                                              **$10,243.00**

**Balance Now Due**                                                        **$10,243.00**

## Michael Faillace & Associates, P.C.

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200              Fax:(212) 317-1620

Alfredo Mendoz Rios                                    December 11, 2020

|  | File #: | RainbowUmbre |
|---|---|---|
| **Attention:** | Inv #: | 1234 |

**RE:**     Cruz Sanchez et al v. Rainbow Umbrella, LLC et al

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Oct-20-17 | interviewed clients and got the facts for the case | 1.90 | 855.00 | MF |
| Nov-10-17 | requested that paralegals draft a complaint | 0.10 | 45.00 | MF |
| Nov-14-17 | reviewed facts of case and researched for complaint | 0.40 | 180.00 | MF |
| Nov-19-17 | reviewed and corrected complaint; sent complaint to staff for review | 1.50 | 675.00 | MF |
| Nov-20-17 | discussed case with JA | 0.10 | 45.00 | MF |
| Jan-29-18 | Scanning and ecf filing affidavits of service | 0.20 | 90.00 | MF |
| Feb-01-18 | discussed case with CM | 0.20 | 90.00 | MF |
| Feb-19-18 | discussed case with CM | 0.10 | 45.00 | MF |
| May-02-18 | joint letter and case management plan | 1.00 | 250.00 | HA |
| May-03-18 | discussed case with HA | 0.20 | 90.00 | MF |
|  | research on corporations to sue and defendants | 1.00 | 250.00 | HA |

| | | | | |
|---|---|---|---|---|
| May-07-18 | initial conference materials and conferring with defense counsel | 0.80 | 200.00 | HA |
| May-23-18 | getting ready for initial conference/ pre motion conference | 0.70 | 175.00 | HA |
| Jun-07-18 | discovery requests and notices of deposition | 2.00 | 500.00 | HA |
| Jun-26-18 | email regarding amended complaint | 0.10 | 25.00 | HA |
| | amended complaint motion | 0.50 | 125.00 | HA |
| Jun-28-18 | letter motion to amend complaint | 1.50 | 375.00 | HA |
| Jul-06-18 | discovery responses for defendant peter schatzberg | 1.50 | 375.00 | HA |
| | Preparationfor Plaintiffs Responses to Defendants Discovery Demands | 10.00 | 1,750.00 | PL |
| Jul-10-18 | discovery responses | 2.30 | 575.00 | HA |
| Aug-08-18 | discussed case with HA | 0.10 | 45.00 | MF |
| Aug-13-18 | discussed addition of two new clients | 0.10 | 45.00 | MF |
| Aug-14-18 | discussed case with staff | 0.10 | 45.00 | MF |
| Aug-17-18 | reviewed and corrected the amended complaint | 1.80 | 810.00 | MF |
| Sep-04-18 | review case file, discovery, scheduling, strategy | 1.40 | 350.00 | GN |
| Sep-06-18 | conference with SV | 0.10 | 35.00 | GN |
| Sep-13-18 | draft ltr request for extension of discovery | 0.30 | 75.00 | GN |
| | review case file for discovery, email def attorney | 0.30 | 75.00 | GN |
| | email w/ def. attorney | 0.10 | 35.00 | GN |
| Sep-17-18 | email w/ def attorney | 0.00 | 0.00 | GN |

| | | | | |
|---|---|---|---|---|
| Sep-18-18 | email w/ def attorney re: scheduling of discovery deadline | 0.10 | 35.00 | GN |
| Sep-26-18 | email w/ mediator | 0.10 | 25.00 | GN |
| Oct-02-18 | email w/ def attorneys and mediator re: scheduling | 0.10 | 35.00 | GN |
| | conference with all parties and mediator re: scheduling | 0.30 | 75.00 | GN |
| | conference with SV to call cl re: scheduling | 0.10 | 25.00 | GN |
| Oct-09-18 | email def attorneys re: adjourn conference | 0.00 | 0.00 | GN |
| Oct-10-18 | review mediator email | 0.10 | 35.00 | GN |
| | conference with SV re: scheduling mediation with plaintiffs | 0.10 | 35.00 | GN |
| Nov-12-18 | draft ltr request to adjourn conference | 0.20 | 70.00 | GN |
| Nov-14-18 | review flsa protocol production, conference with SV, review paystubs | 1.20 | 420.00 | GN |
| | conference with SI re: strategy | 0.10 | 35.00 | GN |
| | review def flsa protacol documents sent to SI | 0.30 | 105.00 | GN |
| Nov-19-18 | conference with SV re: mediation statement | 0.10 | 25.00 | GN |
| Nov-21-18 | review and edit mediation statement | 0.80 | 360.00 | MF |
| Dec-10-18 | conference with SV re: case | 0.10 | 35.00 | GN |
| Dec-20-18 | email def attorneys and mediator re: scheduling | 0.10 | 45.00 | MF |
| Dec-27-18 | draft ltr for adjournment | 0.30 | 105.00 | GN |
| Jan-27-19 | travel to mediation | 0.30 | 75.00 | GN |
| | mediation | 5.00 | 1,250.00 | GN |
| | travvel from mediation | 0.30 | 75.00 | GN |

| | | | | |
|---|---|---|---|---|
| May-17-19 | revise draft agreeement | 0.20 | 70.00 | GN |
| Jul-17-19 | conference with def attorney re: sett agreement | 0.20 | 70.00 | GN |
| Aug-21-19 | Telephone call to client Deyvi to let him know his settlement is ready for signing | 0.10 | 10.00 | PL |
| | Telephone call with client Santos Victoria to let him know the settlement is ready | 0.10 | 10.00 | PL |
| Jul-20-20 | discussed case with GN | 0.10 | 45.00 | MF |
| | | 0.10 | 35.00 | GN |
| Sep-09-20 | discuss case with DT | 0.10 | 35.00 | GN |
| Oct-06-20 | review case file for agreement, email opposing counsel | 0.40 | 140.00 | GN |
| Oct-20-20 | review complaint, email opposing counsel re: contract | 0.50 | 125.00 | GN |
| | discuss w/ dt re: strategy | 0.70 | 245.00 | GN |
| Oct-21-20 | draft fairness motion | 0.20 | 70.00 | GN |
| | email w/ opposing counsel re: sett motion | 0.10 | 35.00 | GN |
| Nov-09-20 | email w/ opposing counsel re: update on comments | 0.10 | 35.00 | GN |
| Nov-16-20 | text w/ pl re: status to cl | 0.10 | 35.00 | GN |
| Nov-18-20 | edit fairness motion | 0.60 | 210.00 | GN |
| | email w/ opposing counsel re: fairness motion | 0.10 | 25.00 | GN |
| Nov-20-20 | email follow up to opposing counsel | 0.10 | 35.00 | GN |
| | Totals | 43.90 | $12,325.00 | |

**DISBURSEMENTS**

Filing Fee                         400.00

Dec-12-17          Process Server Rainbow Umbrella LLC                          64.00

                Totals                                                                                  $464.00

**Total Fee & Disbursements**                                                      **$12,789.00**

**Balance Now Due**                                                                **$12,789.00**

# EXHIBIT C

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Felipe Upon Jochola | 8/1/2014 | 10/15/2014 | 11 | 32.5 | 0 | $ 5.65 | $ 8.48 | $ 8.00 | $ 12.00 | $ 260.00 | $ 183.63 | $ 76.38 | $ 840.13 | $ 840.13 |
| | 10/16/2014 | 12/31/2014 | 11 | 27.5 | 0 | $ 5.65 | $ 8.48 | $ 8.00 | $ 12.00 | $ 220.00 | $ 155.38 | $ 64.63 | $ 710.88 | $ 710.88 |
| | 1/1/2015 | 8/31/2015 | 35 | 27.5 | 0 | $ 5.65 | $ 8.48 | $ 8.75 | $ 13.13 | $ 240.63 | $ 155.38 | $ 85.25 | $ 2,983.75 | $ 2,983.75 |
| | 9/1/2015 | 12/31/2015 | 17 | 22.5 | 0 | $ 5.65 | $ 8.48 | $ 8.75 | $ 13.13 | $ 196.88 | $ 127.13 | $ 69.75 | $ 1,185.75 | $ 1,185.75 |
| | 1/1/2016 | 12/31/2016 | 52 | 22.5 | 0 | $ 7.50 | $ 11.25 | $ 9.00 | $ 13.50 | $ 202.50 | $ 168.75 | $ 33.75 | $ 1,755.00 | $ 1,755.00 |
| | 1/1/2017 | 6/28/2017 | 25 | 22.5 | 0 | $ 9.15 | $ 13.73 | $ 11.00 | $ 16.50 | $ 247.50 | $ 205.88 | $ 41.63 | $ 1,040.63 | $ 1,040.63 |
| | | | | | | | | | | | | $ | 8,516.13 | $ 8,516.13 |
| Ottoniel Ramos Baten | 7/1/2016 | 12/31/2016 | 26 | 25 | 0 | $ 7.50 | $ 11.25 | $ 9.00 | $ 13.50 | $ 225.00 | $ 187.50 | $ 37.50 | $ 975.00 | $ 975.00 |
| | 1/1/2017 | 6/28/2017 | 25 | 25 | 0 | $ 9.15 | $ 13.73 | $ 11.00 | $ 16.50 | $ 275.00 | $ 228.75 | $ 46.25 | $ 1,156.25 | $ 1,156.25 |
| | | | | | | | | | | | | $ | 2,131.25 | $ 2,131.25 |
| Miguel Francisco Ajpop | 1/1/2013 | 12/31/2013 | 52 | 25 | 0 | $ 5.65 | $ 8.48 | $ 7.25 | 10.88 | $ 181.25 | $ 141.25 | $ 40.00 | $ 2,080.00 | $ 2,080.00 |
| | 1/1/2014 | 12/31/2014 | 52 | 25 | 0 | $ 5.65 | $ 8.48 | $ 8.00 | $ 12.00 | $ 200.00 | $ 141.25 | $ 58.75 | $ 3,055.00 | $ 3,055.00 |
| | 1/1/2015 | 12/31/2015 | 52 | 25 | 0 | $ 5.65 | $ 8.48 | $ 8.75 | $ 13.13 | $ 218.75 | $ 141.25 | $ 77.50 | $ 4,030.00 | $ 4,030.00 |
| | 1/1/2016 | 12/31/2016 | 52 | 25 | 0 | $ 5.65 | $ 8.48 | $ 9.00 | $ 13.50 | $ 225.00 | $ 141.25 | $ 83.75 | $ 4,355.00 | $ 4,355.00 |
| | 1/1/2017 | 12/22/2017 | 51 | 15 | 0 | $ 9.15 | $ 13.73 | $ 11.00 | $ 16.50 | $ 165.00 | $ 137.25 | $ 27.75 | $ 1,415.25 | $ 1,415.25 |
| | | | | | | | | | | | | $ | 14,935.25 | $ 14,935.25 |
| Roman Pajarito | 12/1/2015 | 12/31/2015 | 4 | 36 | 0 | $ 5.65 | $ 8.48 | $ 8.75 | $ 13.13 | $ 315.00 | $ 203.40 | $ 111.60 | $ 446.40 | $ 446.40 |
| | 1/1/2016 | 5/31/2016 | 22 | 36 | 0 | $ 5.65 | $ 8.48 | $ 9.00 | $ 13.50 | $ 324.00 | $ 203.40 | $ 120.60 | $ 2,653.20 | $ 2,653.20 |
| | 6/1/2016 | 12/31/2016 | 30 | 36 | 0 | $ 7.50 | $ 11.25 | $ 9.00 | $ 13.50 | $ 324.00 | $ 270.00 | $ 54.00 | $ 1,620.00 | $ 1,620.00 |
| | 1/1/2017 | 12/22/2017 | 51 | 36 | 0 | $ 9.15 | $ 13.73 | $ 11.00 | $ 16.50 | $ 396.00 | $ 329.40 | $ 66.60 | $ 3,396.60 | $ 3,396.60 |
| | | | | | | | | | | | | $ | 8,116.20 | $ 8,116.20 |
| Andres Sandoval | 4/1/2015 | 12/31/2015 | 39 | 31.5 | 0 | $ 5.65 | $ 8.48 | $ 8.75 | $ 13.13 | $ 275.63 | $ 177.98 | $ 97.65 | $ 3,808.35 | $ 3,808.35 |
| | 1/1/2016 | 11/30/2016 | 48 | 31.5 | 0 | $ 7.50 | $ 11.25 | $ 9.00 | $ 13.50 | $ 283.50 | $ 236.25 | $ 47.25 | $ 2,268.00 | $ 2,268.00 |
| | | | | | | | | | | | | $ | 6,076.35 | $ 6,076.35 |
| Clemente Mendez Aparicio | 7/1/2016 | 10/31/2016 | 17 | 35 | 0 | $ 7.00 | $ 10.50 | $ 9.00 | $ 13.50 | $ 315.00 | $ 245.00 | $ 70.00 | $ 1,190.00 | $ 1,190.00 |
| | 11/1/2016 | 12/31/2016 | 9 | 27.5 | 0 | $ 7.00 | $ 10.50 | $ 9.00 | $ 13.50 | $ 247.50 | $ 192.50 | $ 55.00 | $ 495.00 | $ 495.00 |
| | 1/1/2017 | 12/18/2017 | 50 | 27.5 | 0 | $ 9.00 | $ 13.50 | $ 11.00 | $ 16.50 | $ 302.50 | $ 247.50 | $ 55.00 | $ 2,750.00 | $ 2,750.00 |
| | | | | | | | | | | | | $ | 4,435.00 | $ 4,435.00 |
| | | | | | | | | | | | | TOTAL: | $ 44,210.18 | $ 44,210.18 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period | |
|---|---|---|
| | From | To |
| **Felipe Upon Jochola** | | |
| | 8/1/2014 | 10/15/2014 |
| | 10/16/2014 | 12/31/2014 |
| | 1/1/2015 | 8/31/2015 |
| | 9/1/2015 | 12/31/2015 |
| | 1/1/2016 | 12/31/2016 |
| | 1/1/2017 | 6/28/2017 |
| | | |
| **Ottoniel Ramos Baten** | 7/1/2016 | 12/31/2016 |
| | 1/1/2017 | 6/28/2017 |
| | | |
| **Miguel Francisco Ajpop** | 1/1/2013 | 12/31/2013 |
| | 1/1/2014 | 12/31/2014 |
| | 1/1/2015 | 12/31/2015 |
| | 1/1/2016 | 12/31/2016 |
| | 1/1/2017 | 12/22/2017 |
| | | |
| **Roman Pajarito** | 12/1/2015 | 12/31/2015 |
| | 1/1/2016 | 5/31/2016 |
| | 6/1/2016 | 12/31/2016 |
| | 1/1/2017 | 12/22/2017 |
| | | |
| **Andres Sandoval** | 4/1/2015 | 12/31/2015 |
| | 1/1/2016 | 11/30/2016 |
| | | |
| **Clemente Mendez Aparicio** | 7/1/2016 | 10/31/2016 |
| | 11/1/2016 | 12/31/2016 |
| | 1/1/2017 | 12/18/2017 |

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Tip Withholding | Unpaid Wage & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Alfredo Cruz Sanchez** | 11/15/2016 | 12/30/2016 | 6 | 18 | 0 | 9.15 | 13.73 | 9.00 | 13.50 | 164.70 | 164.70 | - | 600.00 | - | - |
| | 12/31/2016 | 11/20/2017 | 46 | 18 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 198.00 | 164.70 | 33.30 | 4,600.00 | 1,531.80 | 1,531.80 |
| | | | | | | | | | | | | | | **1,531.80** | **1,531.80** |
| **Antonio Miguel Jimenez** | 9/4/2017 | 10/15/2017 | 6 | 20 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 220.00 | 183.00 | 37.00 | 600.00 | 222.00 | 222.00 |
| | 10/14/2017 | 11/20/2017 | 5 | 12 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 132.00 | 109.80 | 22.20 | 500.00 | 111.00 | 111.00 |
| | | | | | | | | | | | | | | **333.00** | **333.00** |
| **David Tesis Tecuapacho** | 5/1/2017 | 7/15/2017 | 19 | 39 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 429.00 | 356.85 | 72.15 | 1,900.00 | 1,370.85 | 1,370.85 |
| | 7/16/2017 | 10/15/2017 | 13 | 15 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 165.00 | 137.25 | 27.75 | 1,300.00 | 360.75 | 360.75 |
| | 10/16/2017 | 11/20/2017 | 5 | 20 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 220.00 | 183.00 | 37.00 | 500.00 | 185.00 | 185.00 |
| | | | | | | | | | | | | | | **1,916.60** | **1,916.60** |
| **Leonardo Conde Rodriguez** | 3/16/2017 | 11/20/2017 | 36 | 22 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 242.00 | 201.30 | 40.70 | 3,600.00 | 1,465.20 | 1,465.20 |
| | | | | | | | | | | | | | | **1,465.20** | **1,465.20** |
| **Nicolas Mendez Avila** | 4/20/2017 | 11/20/2017 | 31 | 23 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 253.00 | 210.45 | 42.55 | 3,100.00 | 1,319.05 | 1,319.05 |
| | | | | | | | | | | | | | | **1,319.05** | **1,319.05** |
| **Ricardo Tepi Zenteno** | 9/1/2016 | 12/30/2016 | 17 | 39 | 0 | 7.15 | 10.73 | 9.00 | 13.50 | 351.00 | 278.85 | 72.15 | 1,700.00 | 1,226.55 | 1,226.55 |
| | 12/31/2016 | 1/15/2017 | 2 | 39 | 0 | 7.15 | 10.73 | 11.00 | 16.50 | 429.00 | 278.85 | 150.15 | 200.00 | 300.30 | 300.30 |
| | 1/16/2017 | 5/15/2017 | 17 | 39 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 429.00 | 356.85 | 72.15 | 1,700.00 | 1,226.55 | 1,226.55 |
| | 5/16/2017 | 11/20/2017 | 27 | 21.5 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 236.50 | 196.73 | 39.78 | 2,700.00 | - | - |
| | | | | | | | | | | | | | | **2,753.40** | **2,753.40** |
| **Jorge Anibal Garcia Mejia** | 5/1/2017 | 8/15/2017 | 55 | 55.5 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 368.50 | 306.53 | 61.98 | 3,500.00 | 2,169.13 | 2,169.13 |
| | 8/16/2017 | 10/31/2017 | 11 | 18 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 198.00 | 164.70 | 33.30 | 1,100.00 | 366.30 | 366.30 |
| | | | | | | | | | | | | | | **2,535.43** | **2,535.43** |
| **Miguel Alex Quiej Lopez** | 2/10/2017 | 9/15/2017 | 31 | 25 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 275.00 | 228.75 | 46.25 | 3,100.00 | 1,433.75 | 1,433.75 |
| | 9/16/2017 | 11/20/2017 | 9 | 29.25 | 0 | 9.15 | 13.73 | 11.00 | 16.50 | 321.75 | 267.64 | 54.11 | 900.00 | 487.01 | 487.01 |
| | | | | | | | | | | | | | | **1,920.76** | **1,920.76** |
| **Isaias Emmanuel Gonzalez Tuluxan** | 12/1/2015 | 12/30/2015 | 4 | 20 | 0 | 7.50 | 11.25 | 8.75 | 13.13 | 175.00 | 150.00 | 25.00 | 400.00 | 100.00 | 100.00 |
| | 12/31/2015 | 8/30/2016 | 35 | 20 | 0 | 7.50 | 11.25 | 9.00 | 13.50 | 180.00 | 150.00 | 30.00 | 3,500.00 | 1,050.00 | 1,050.00 |
| | 9/1/2016 | 12/30/2016 | 17 | 53 | 4 | 11.50 | 17.25 | 9.00 | 13.50 | 684.25 | 609.50 | 74.75 | 1,700.00 | 1,270.75 | 1,270.75 |
| | 12/31/2016 | 12/30/2017 | 52 | 53 | 4 | 11.50 | 17.25 | 11.00 | 16.50 | 684.25 | 609.50 | 74.75 | 5,200.00 | 3,887.00 | 3,887.00 |
| | | | | | | | | | | | | | | **6,307.75** | **6,307.75** |
| **Santos Rocha Victoria** | 9/26/2016 | 12/31/2016 | 14 | 45 | 0 | 7.50 | 11.25 | 9.00 | 13.50 | 427.50 | 337.50 | 90.00 | 1,400.00 | 1,260.00 | 1,260.00 |
| | 1/1/2017 | 2/5/2017 | 5 | 50 | 0 | 7.50 | 11.25 | 11.00 | 16.50 | 605.00 | 375.00 | 230.00 | 500.00 | 1,150.00 | 1,150.00 |
| | 2/6/2017 | 8/25/2017 | 28 | 40 | 0 | 7.50 | 11.25 | 11.00 | 16.50 | 440.00 | 300.00 | 140.00 | 2,800.00 | 3,920.00 | 3,920.00 |
| | | | | | | | | | | | | | | **6,330.00** | **6,330.00** |
| **Ibmar D. Ramirez** | 4/1/2015 | 12/1/2015 | 26 | 24 | 0 | 7.50 | 11.25 | 9.00 | 13.50 | 216.00 | 180.00 | 36.00 | 2,600.00 | 936.00 | 936.00 |
| | 1/1/2016 | 12/1/2016 | 48 | 56 | 0 | 7.50 | 11.25 | 11.00 | 16.50 | 396.00 | 270.00 | 126.00 | 4,800.00 | 6,048.00 | 6,048.00 |
| | | | | | | | | | | | | | | **6,984.00** | **6,984.00** |
| | | | | | | | | | | | | | | **33,396.99** | **33,396.99** |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Alfredo Cruz Sanchez | 11/15/2016 | 12/30/2016 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 1,080.00 | $ 11,080.00 |
| | 12/31/2016 | 11/20/2017 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3,063.60 |
| | | | $ - | $ - | $ 5,000.00 | $ - | $ - | $ - | $ 1,080.00 | $ 14,143.60 |
| Antonio Miguel Jimenez | 9/4/2017 | 10/13/2017 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 1,020.00 | $ 11,464.00 |
| | 10/14/2017 | 11/20/2017 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 222.00 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 1,020.00 | $ 11,686.00 |
| David Texis Tecuapacho | 3/1/2017 | 7/15/2017 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 990.00 | $ 13,731.70 |
| | 7/16/2017 | 10/15/2017 | $ - | $ - | | | $ - | $ - | $ - | $ 721.50 |
| | 10/16/2017 | 11/20/2017 | $ - | $ - | | | $ - | $ - | $ - | $ 370.00 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 990.00 | $ 14,823.20 |
| Leonardo Conde Rodriguez | 3/16/2017 | 11/20/2017 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ - | $ 12,930.40 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ - | $ 12,930.40 |
| Nicolas Mendez Avila | 4/20/2017 | 11/20/2017 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 1,600.00 | $ 14,238.10 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 1,600.00 | $ 14,238.10 |
| Ricardo Tepi Zenteno | 9/1/2016 | 12/30/2016 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 2,180.00 | $ 14,633.10 |
| | 12/31/2016 | 1/15/2017 | $ - | $ - | | | $ - | $ - | | $ 600.60 |
| | 1/16/2017 | 5/15/2017 | $ - | $ - | | | $ - | $ - | | $ 2,453.10 |
| | 5/16/2017 | 11/20/2017 | $ - | $ - | | | $ - | $ - | $ - | $ - |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 2,380.00 | $ 17,686.80 |
| Jorge Anibal Garcia Mejia | 3/1/2017 | 8/15/2017 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 2,571.00 | $ 16,909.25 |
| | 8/16/2017 | 10/31/2017 | $ - | $ - | | | $ - | $ - | $ - | $ 732.60 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 2,571.00 | $ 17,641.85 |
| Miguel Alex Quiej Lopez | 2/10/2017 | 9/15/2017 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 2,235.00 | $ 15,102.50 |
| | 9/16/2017 | 11/20/2017 | $ - | $ - | | | $ - | $ - | $ - | $ 974.03 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 2,235.00 | $ 16,076.53 |
| Isaias Emmanuel Gonzalez Tulunan | 12/1/2015 | 12/30/2015 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 1,045.00 | $ 11,245.00 |
| | 12/31/2015 | 8/30/2016 | $ - | $ - | | | $ - | $ - | $ - | $ 2,100.00 |
| | 9/1/2016 | 12/30/2016 | $ 612.00 | $ 612.00 | | | $ - | $ 113.41 | | $ 3,878.91 |
| | 12/31/2016 | 12/30/2017 | $ 2,288.00 | $ 2,288.00 | | | $ - | $ 286.89 | | $ 12,636.89 |
| | | | $ 2,900.00 | $ 2,900.00 | $ 5,000.00 | $ 5,000.00 | $ - | $ 400.30 | $ 1,045.00 | $ 29,860.80 |
| Santos Rocha Victoria | 9/26/2016 | 12/31/2016 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ - | $ 2,270.00 | $ 14,790.00 |
| | 1/1/2017 | 2/5/2017 | $ - | $ - | | | $ - | $ - | | $ 2,300.00 |
| | 2/6/2017 | 8/25/2017 | $ - | $ - | | | $ - | $ - | | $ 7,840.00 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | | $ - | $ 2,270.00 | $ 24,930.00 |
| Jhmar D. Ramirez | 4/1/2015 | 12/1/2015 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | | $ - | $ 2,270.00 | $ 14,142.00 |
| | 1/1/2016 | 12/1/2016 | $ - | $ - | | | | $ - | | $ 12,096.00 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | | $ - | $ 2,270.00 | $ 26,238.00 |
| | | | $ 2,900.00 | $ 2,900.00 | $ 55,000.00 | $ 55,000.00 | | $ 400.30 | $ 17,261.00 | $ 200,255.28 |
| | | Filing Date | | | 11/20/2017 | | | | | |
| | | FLSA | | | 11/20/2012 | | | | | |
| | | NYLL | | | 11/20/2009 | | | | | |
| | | Amendment | | | 4/9/2011 | | | | | |
| | | Today | | | 11/21/2018 | | | | | |